Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant
Lawrence M. Jaramillo*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERET ISHAK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WM TECHNOLOGY, INC. f/k/a SILVER SPIKE ACQUISITION CORP., CHRISTOPHER BEALS, ARDEN LEE, DOUGLAS FRANCIS, SUSAN ECHERD, MARY HOITT, SCOTT GORDON, WILLIAM HEALY, and GREGORY M. GENTILE<br><br>Defendants. | Case No. 2:24-cv-08959-ODW-PVC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LAWRENCE M. JARAMILLO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date: January 13, 2025<br>Time: 1:30 p.m.<br>Crtrm.: 5D<br>Judge: Otis D. Wright |

Lawrence M. Jaramillo ("Jaramillo"), submits this memorandum of law in support of his motion to appoint Jaramillo as Lead Plaintiff and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of all persons and entities that purchased or otherwise acquired WM Technology, Inc. ("WM Technology" or the "Company") securities between May 25, 2021, and September 24, 2024, inclusive (the "Class Period")

## I. PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Jaramillo is the "most adequate plaintiff" as defined by the PSLRA.

Jaramillo has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Jaramillo satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Jaramillo respectfully submits that he is the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Jaramillo's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

WM Technology describes itself as the operator of a "leading online cannabis marketplace for consumers together with a comprehensive set of eCommerce and compliance software solutions for cannabis businesses[.]"

The complaint alleges that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects throughout the Class Period. Specifically, the complaint alleges that the Defendants failed to disclose to investors that: (1) the Company, in allowing a key financial metric to be manipulated, did not maintain adequate internal controls over financial reporting; and (2) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On August 9, 2022, WM Technology disclosed it had received an internal complaint concerning the calculation and reporting of Monthly Active Users ("MAUs"). The Company revealed that a significant portion of its MAU growth was driven by pop-under ads. The Company also acknowledged that most users from these ads left the site without interacting further.

On this news, the Company's stock price fell $0.87 or 25.1%, to close at $2.59 per share on August 10, 2022, thereby injuring investors.

Then on September 24, 2024, the SEC announced it had charged the Company, the Company's former CEO Christopher Beals, and the Company's former CFO Arden Lee for "making negligent misrepresentations in WM Technology's public reporting of a self-described key operating metric, the "monthly active users," or "MAU," for WM Technology's online cannabis marketplace." The SEC further announced it had "instituted a related settled administrative proceeding against WM Technology" and "WM Technology also agreed to pay a civil penalty of $1,500,000."

On this news, the Company's stock price fell $0.02 or 1.89%, to close at $0.92 per share on September 25, 2024, thereby further injuring investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the Class have suffered losses and damages.

## III.  ARGUMENT

### A.  Jaramillo Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Jaramillo has complied with all the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Jaramillo, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23, and is not aware of any unique defenses Defendants

could raise against him that would render him inadequate to represent the Class. Accordingly, Jaramillo respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1. Jaramillo Filed A Timely Motion

On October 17, 2024, notice was published pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A). *See* Declaration of Charles H. Linehan in Support of the Motion of Lawrence M. Jaramillo for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linehan Decl."), Ex. A. Therefore, Jaramillo had sixty days (*i.e.*, until December 16, 2024), to file a motion to be appointed as Lead Plaintiff. As a purchaser of WM Technology securities during the Class Period, Jaramillo is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Jaramillo attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the Class. *See* Linehan Decl., Ex. B. Accordingly, Jaramillo satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Jaramillo Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Jaramillo believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Jaramillo purchased WM Technology securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $307,026.88. *See* Linehan Decl., Ex. C. To the best of his knowledge, Jaramillo is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Jaramillo believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

**3.      Jaramillo Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead

plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a)    Jaramillo's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Jaramillo's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Jaramillo suffered losses as a result of his WM Technology transactions during the Class Period. Like all members of the Class, Jaramillo alleges that the Defendants violated federal securities laws by disseminating materially misleading statements concerning WM Technology's operations and financial prospects. Jaramillo's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of WM Technology's share price caused by the Defendants' alleged misrepresentations and omissions. Accordingly, Jaramillo's interests and claims are typical of the interests and claims of the Class.

### b)    Jaramillo Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

Here, Jaramillo satisfies the adequacy requirements. "[N]o evidence exists to suggest that [Jaramillo is] antagonistic to other members of the class or [his] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Jaramillo resides in Okemos, Michigan, and has been managing his own investments for approximately 5 years. Jaramillo is also a director of business development for a cannabis company. Moreover, Jaramillo has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (GPM firm résumé). As such, Jaramillo is adequate to represent the Class and should be appointed as lead plaintiff.

**B.   The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. Here, Jaramillo has retained GPM to pursue this litigation on his behalf and will retain the firm as lead counsel in the event Jaramillo is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Jaramillo's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Jaramillo's selection of counsel.

## IV. CONCLUSION

For the foregoing reasons, Jaramillo respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Jaramillo as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: December 16, 2024                     Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**
By:    */s Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Lawrence M. Jaramillo, and Proposed Lead Counsel for the Class*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lawrence M. Jaramillo, certifies that this brief contains 2,285 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 16, 2024          *s/ Charles H. Linehan*
                                  Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On December 16, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 16, 2024, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan