Laurence M. Rosen, Esq. (SBN 219683)
Email: lrosen@rosenlegal.com
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERET ISHAK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WM TECHNOLOGY, INC. f/k/a SILVER SPIKE ACQUISITION CORP., CHRISTOPHER BEALS, ARDEN LEE, DOUGLAS FRANCIS, SUSAN ECHERD, MARY HOITT, SCOTT GORDON, WILLIAM HEALY, and GREGORY M. GENTILE<br><br>Defendants. | Case No. 2:24-CV-08959-ODW-PVC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAY KANG TO APPOINT LEAD PLAINTIFF AND APPROVE OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Otis D. Wright II<br>HEARING: January 13, 2025<br>TIME: 1:30 PM<br>CTRM: 5D |

Jay Kang ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired publicly traded WM Technology, Inc. securities, between May 25, 2021, and September 24, 2024, inclusive (the "Class Period"), and

(2) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.     PERTINENT BACKGROUND

This action was commenced on October 17, 2024, against WM Technology, Inc. f/k/a Silver Spike Acquisition Corp and certain of its current and former officers and directors for violations under the Exchange Act. Dkt. No. 1. That same day, an early notice pursuant to the PSLRA was issued, advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAY KANG TO APPOINT LEAD PLAINTIFF AND APPROVE OF CHOICE OF COUNSEL – 2:24-CV-08959-ODW-PVC

Defendant WM Technology, Inc. ("WM") describes itself as the operator of a "leading online cannabis marketplace for consumers together with a comprehensive set of eCommerce and compliance software solutions for cannabis businesses[.]" Dkt. No. 1 at ¶ 7. The complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's monthly active user ("MAU") metric had been willfully inflated, and did not accurately represent the amount of monthly active users. (2) in allowing a key financial metric to be manipulated, the Company did not maintain adequate internal controls over financial reporting; and (3) as a result of the foregoing, defendants' positive statements about WM's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id*. ¶ 30, 32.

On August 9, 2022, in a Form 8-K and its Form 10-Q for the quarter ended June 30, 2022, the Company disclosed that its board of directors had received an internal complaint regarding "the calculation, definition, and reporting of [its] MAUs." *Id*. ¶ 51. On this news, WM stock dropped from $3.46 a share to $2.59 a share – a drop of over 25%. *Id*. ¶ 52.

On September 24, 2024, the truth fully came to light when the SEC issued a litigation release in which it announced that it had "charged public company WM Technology, Inc. (Nasdaq: MAPS), its former CEO, Christopher Beals, and its

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAY KANG TO APPOINT LEAD PLAINTIFF AND APPROVE OF CHOICE OF COUNSEL – 2:24-CV-08959-ODW-PVC

former CFO, Arden Lee, for making negligent misrepresentations in WM Technology's public reporting of a self-described key operating metric, the "monthly active users," or "MAU," for WM Technology's online cannabis marketplace." *Id*. ¶ 53. On this news, the price of WM Technology, Inc. common stock fell by 1.9% to close at $0.92 on September 25, 2024. *Id*. ¶ 57.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. *Id*. ¶ 58.

## ARGUMENT

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(iii). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

3

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A.      Movant is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in her PSLRA certification, Movant attests that she has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.      Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing cases).

4

Movant has lost approximately $350,571.00 in connection with his purchases of WM securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

5

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and/or misleading statements and/or failing to disclose material facts about WM. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.     Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interests of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class.

Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant has thirty years of investing experience. He attended university in Korea, where he served in the military, before moving to the United States. He currently works as a real estate agent.

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The

Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class's and Movant's claims, including reviewing publicly available financial and other documents and gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAY KANG TO APPOINT LEAD PLAINTIFF AND APPROVE OF CHOICE OF COUNSEL – 2:24-CV-08959-ODW-PVC

Dated:   December 16, 2024          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

<u>/s/ Laurence M. Rosen</u>
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

9

**CERTIFICATE OF WORD COUNT**

The undersigned, counsel of record for Jay Kang, certifies that this brief is less than 25 pages and contains 1,708 words, which complies with the word limit of L.R. 11-6.1.

Executed on December 16, 2024.

/s/ Laurence M. Rosen

10

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the Managing Partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On December 16, 2024, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JAY KANG TO APPOINT LEAD PLAINTIFF AND APPROVE OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on December 16, 2024.

/s/ Laurence M. Rosen<br>
Laurence M. Rosen

11