Laurence M. Rosen, Esq. (SBN 219683)
Email: lrosen@rosenlegal.com
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERET ISHAK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WM TECHNOLOGY, INC. f/k/a SILVER SPIKE ACQUISITION CORP., CHRISTOPHER BEALS, ARDEN LEE, DOUGLAS FRANCIS, SUSAN ECHERD, MARY HOITT, SCOTT GORDON, WILLIAM HEALY, and GREGORY M. GENTILE<br><br>Defendants. | Case No. 2:24-CV-08959-ODW-PVC<br><br>**OPPOSITION OF JAY KANG TO COMPETING LEAD PLAINTIFF MOTION**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Otis D. Wright II<br>HEARING: January 13, 2025<br>TIME: 1:30 PM<br>CTRM: 5D |

Movant Jay Kang respectfully submits this memorandum in opposition to movant Lawrence M. Jaramillo's competing lead plaintiff motion.

## I.    INTRODUCTION

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts are to appoint as lead plaintiff the person or group of persons with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B).

Of the four initial lead plaintiff movants in this matter, two, Jay Kang and Lawrence M. Jaramillo, remain. The other two, Vanderlei Melchior and Dennis Kordich, have withdrawn or filed a notice of non-opposition, with  Mr. Melchior noting that "Mr. Kang has the greatest financial loss." Dkt. 29. Of the remaining movants, Mr. Kang has the largest financial interest and has therefore triggered the PSLRA's most adequate plaintiff presumption, and should be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

First, Mr. Kang has the largest financial interest in this litigation because he purchased the most shares (90,559), retained the most net shares (73,000), expended the most net funds ($444,793.95) and lost the greatest amount of money ($350,571).  *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y.

OPPOSITION OF  JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

1998)); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).  Mr. Jaramillo, in contrast, has a lesser financial interest in this litigation because he purchased the least amount of shares (20,000), retained the least net shares (20,000), expended the least net funds ($326,934.00) and lost the least amount of money ($307,026.88).

Second, as set forth in Mr. Kang's opening papers, he has made a *prima facie* showing of adequacy and typicality under Rule 23. Dkt. 18. Finally, the presumption that Mr. Kang is the "most adequate plaintiff" — *i.e.* the presumptive lead plaintiff — "may be rebutted only upon proof." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Because the competing movant can offer no proof to rebut the presumption in favor of Mr. Kang, the Court should grant Movant's motion in its entirety and deny the competing Lead Plaintiff Motion.

## ARGUMENT

## II.   MR. KANG SHOULD BE APPOINTED LEAD PLAINTIFF

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action is appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its

OPPOSITION OF  JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.*, at 730. Importantly, "a straightforward application of the statutory scheme … provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.*, at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

In determining which movant possess the largest financial interest, district courts in the Ninth Circuit "have typically considered the 'Olsten-Lax' factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Arias v. Bird Glob., Inc.*, No. 222CV08406ODWAGRX, 2023 WL 3814040, at *4 (C.D. Cal. June 2, 2023) (internal quotations and citations omitted).

Here, all four of the Olsten-Lax factors favor Mr. Kang, and by considerable margins. The chart below lays out the movants' respective amounts

OPPOSITION OF JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

of shares purchased, net shares, net funds expended, and losses, as set forth in their moving papers:

| Olsten-Lax Factor | Kang[1] | Jaramillo[2] |
|---|---|---|
| Shares purchased | 90,559 | 20,000 |
| Net shares | 73,000 | 20,000 |
| Net funds expended | $444,793.95 | $326,934.00 |
| Losses | $350,571.27 | $307,026.88 |

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d at 263 ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.")

Like all putative class members, Mr. Kang alleges that Defendants violated the Securities Exchange Act of 1934 by publicly disseminating false and misleading statements about the business of WM Technology, Inc. f/k/a Silver

---

[1] *See* Dkt. 18-3.
[2] *See* Dkt. 14-3.

OPPOSITION OF JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

Spike Acquisition Corp ("WM"). Mr. Kang purchased WM securities at artificially inflated prices and was damaged thereby. These claims are premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class' claims. Thus, Movant satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999). Furthermore, Mr. Kang has demonstrated his adequacy as class representative by submitting a sworn certification affirming his willingness to serve as, and carry out the responsibilities of, class representative. Dkt. 18-2. Based on his financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, Mr. Kang has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. §

OPPOSITION OF JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

78u-4(a)(3)(B)(iii)(II)). Here, as there is an absence of such proof, the presumption that Mr. Kang is the most adequate plaintiff cannot be rebutted, and he should be appointed lead plaintiff for the putative class.

## III.   MR.   KANG'S   SELECTION   OF   COUNSEL   SHOULD   BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Here, Mr. Kang has selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. As demonstrated in Mr. Kang's moving papers (Dkt. 18-4) Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As such, the Court should grant Movant's selection of Rosen Law as Lead Counsel.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully request that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) denying the competing Lead Plaintiff Motion.

OPPOSITION OF JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

Dated:   December 23, 2024

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

OPPOSITION OF  JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On December 20, 2024, I electronically filed the following **OPPOSITION OF JAY KANG TO COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on December 23, 2024.

/s/ Laurence M. Rosen
Laurence M. Rosen

OPPOSITION OF  JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC