Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Lawrence M. Jaramillo*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERET ISHAK, Individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>WM TECHNOLOGY, INC. f/k/a SILVER SPIKE ACQUISITION CORP., CHRISTOPHER BEALS, ARDEN LEE, JARAMILLO FRANCIS, SUSAN ECHERD, MARY HOITT, SCOTT GORDON, WILLIAM HEALY, and GREGORY M. GENTILE<br><br>          Defendants. | Case No. 2:24-cv-08959-ODW-PVC<br><br>**LAWRENCE M. JARAMILLO'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>Date: January 13, 2024<br>Time: 1:30 p.m.<br>Crtrm.: 5D<br>Judge: Otis D. Wright |

Lead Plaintiff Movant Lawrence M. Jaramillo ("Jaramillo") submits this memorandum of law in opposition to the three competing motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members (Dkt. Nos. 16, 20, 24).

## I.     PRELIMINARY STATEMENT

Four movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): Jaramillo (Dkt. No. 12); Jay Kang ("Kang") (Dkt. No. 16); Vanderlei Melchior ("Melchior") (Dkt. No. 24); and Dennis Kordich ("Kordich") (Dkt. No. 20). However, Kordich withdrew his motion and Melchior filed a notice informing the court that he does not oppose the competing motions. *See* Dkt. Nos. 28, 29. As such, only Jaramillo and Kang are still seeking appointment as lead plaintiff.

The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff—*i.e.*, the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Jaramillo's memorandum of law in support of his lead plaintiff motion (Dkt. No. 13), Jaramillo has the largest financial interest in the relief sought by the class. Jaramillo's financial interest, as measured by his last in, first out ("LIFO") loss is $307,026.88. *See* Dkt. No. 14-3. As such, Jaramillo is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Jaramillo is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Jaramillo should be appointed as lead plaintiff, and his selection of lead counsel should be approved.[1]

## II.  JARAMILLO IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST

Jaramillo satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Jaramillo filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 12; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Jaramillo satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 13 at 6-8; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Jaramillo has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Since the PSLRA does not mandate any particular method for determining which movant has the largest financial interest, district courts are free to choose any method that is "both rational and consistently applied." *See In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002). Courts in this Circuit generally consider the four *Olsten-Lax* factors to determine financial interest, which include: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015).

However, approximate losses is the "most determinative" factor. *Id.* In fact, to identify the movant with the largest financial interest, "[m]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses." *In re*

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

*Cheetah Mobile, Inc. Sec. Litig.*, 2021 WL 99635, at *3 (C.D. Cal. Jan. 12, 2021) (quoting *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005)); *see also Dixon v. The Honest Co., Inc.*, 2022 WL 20611227, at *3 (C.D. Cal. Jan. 26, 2022) (identifying the movant with the largest financial interest based on loss alone); *Mullen v. Wells Fargo & Co.*, 2021 WL 965344, at *3 (N.D. Cal. Mar. 15, 2021) ("Consistent with the plain language of [the PSLRA], the fourth, approximate loss, calculation matters most."). Moreover, when the factors conflict regarding which movant has the largest financial interest, courts in this District find loss to be determinative. *See Cheetah Mobile*, 2021 WL 99635, at *3 (appointing the movant with the largest loss, despite having a smaller interest as measured by the other factors); *In re Wrap Techs., Inc. Sec. Exch. Act Litig.*, 2021 WL 71433, at *2 (C.D. Cal. Jan. 7, 2021) (same; reasoning, "[i]n this [C]ircuit, no case law requires the Court to give equal weight to the first three *Olsten-Lax* factors").

To calculate losses, courts in the Ninth Circuit typically use the last in, first out (LIFO) method. *See Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732, 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017); *see also Crews v. Rivian Auto., Inc.*, 2022 WL 17883615, at *4 (C.D. Cal. July 1, 2022) (the "weight of authority puts the most emphasis on the competing movants' estimated losses, using a last in, first out ('LIFO') methodology") (quoting *Nicolow v. Hewlett Packard Co.*, WL 792642, at *4 (N.D. Cal. Mar. 4, 2013)); *McGee v. Am. Oriental Bioengineering, Inc.*, 2012 WL 12895668, at *3 (C.D. Cal. Oct. 16, 2012) ("[A] majority of courts employ the LIFO methodology.").

Moreover, courts overwhelmingly reject the alternative first in, first out ("FIFO") method because it tends to inflate losses. *See McGee*, 2012 WL 12895668, at *3 ("A number of courts have spoken clearly on this issue, treating it as a pure question of law and finding the FIFO methodology improper.") (citation omitted); *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *4 (N.D. Cal. Dec. 16, 2019) ("The Court utilizes a 'last-in-first-out' ('LIFO') method for calculating total

approximate losses, which comports with '[t]he weight of authority' and avoids artificially inflating losses with market activity outside of the class period.") (citation omitted).

Here, Jaramillo has the largest LIFO loss and therefore has the largest financial interest:

| Movant | LIFO Loss |
|---|---|
| Jaramillo | $307,027 |
| Kang | $286,301 |
| Melchior | $41,973 |
| Kordich | $18,790 |

Notably, Kang's loss figure presented in his opening motion ($350,571.27, *see* Dkt. No. 18-3) is inflated because it is calculated using the widely-rejected FIFO method, rather than the accepted LIFO method. Kang's use of the FIFO method also conflicts with the authority he cited in his memorandum in support of his motion. *See Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (cited in Dkt. No. 17 at 5) ("In calculating the approximate losses suffered, courts have used the 'last in, first out' (LIFO) method . . . ."). As such, Kang's FIFO loss calculation should be rejected. Jaramillo has the largest LIFO loss and therefore the largest financial interest.

Since Jaramillo also satisfies the requirements of Rule 23, and filed a timely motion, Jaramillo is the presumptively most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## III.   THE PRESUMPTION THAT JARAMILLO IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

No proof has been presented that Jaramillo would be inadequate or subject to unique defenses. Jaramillo is not aware of any possible basis for such a contention. In fact, Jaramillo is a sophisticated individual. He is a director of business development for a cannabis company and has been managing his own investments for approximately 5 years. As such, Jaramillo should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

## IV.  THE LEAD PLAINTIFF'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class."). Here, Jaramillo has selected Glancy Prongay & Murray LLP to be lead counsel. The firm has decades of experience prosecuting securities class actions, and the expertise and resources needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 14-4 (firm résumé). By approving Jaramillo's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, Jaramillo's selection of lead counsel for the class should be approved.

## V.  CONCLUSION

For the foregoing reasons, Jaramillo respectfully requests that the Court enter an Order: (1) appointing Jaramillo as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) denying the competing motions.

Dated: December 23, 2024

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By: _/s Charles H. Linehan_
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Lawrence M. Jaramillo, and Proposed Lead Counsel for the Class*

**<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned, counsel of record for Lawrence M. Jaramillo, certifies that this brief contains 1,509 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 23, 2024       *s/ Charles H. Linehan*
                                    Charles H. Linehan

## **PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On December 23, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 23, 2024, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan