Laurence M. Rosen, Esq. (SBN 219683)
Email: lrosen@rosenlegal.com
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERET ISHAK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WM TECHNOLOGY, INC. f/k/a SILVER SPIKE ACQUISITION CORP., CHRISTOPHER BEALS, ARDEN LEE, DOUGLAS FRANCIS, SUSAN ECHERD, MARY HOITT, SCOTT GORDON, WILLIAM HEALY, and GREGORY M. GENTILE<br><br>Defendants. | Case No. 2:24-CV-08959-ODW-PVC<br><br>**REPLY MEMORANDUM OF LAW OF JAY KANG IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**<br><br>CLASS ACTION<br><br>JUDGE: Otis D. Wright II<br>HEARING: January 13, 2025<br>TIME: 1:30 PM<br>CTRM: 5D |

1

OPPOSITION OF  JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

Movant Jay Kang respectfully submits this reply memorandum in further support of his lead plaintiff motion (Dkt. 18) and in further opposition to the competing motion of movant Lawrence M. Jaramillo. Under one method of net loss calculation (FIFO), Mr. Kang leads all four of the factors considered by Courts in determining which lead plaintiff has the greatest financial interest; even under the other method of calculation (LIFO), Mr. Kang still leads three of the four factors by large margins. Mr. Kang therefore has the greatest financial interest under any relevant analysis. Because Mr. Kang has the greatest financial interest, and his adequacy as a lead plaintiff is otherwise unrebutted, he should be appointed lead plaintiff, and the competing motion of Mr. Jaramillo should be denied.

## ARGUMENT

### I. Under any applicable method of loss calculation, Mr. Kang leads three of the four *Olsten-Lax* factors

Both movants agree that, in determining which lead plaintiff movant has the largest financial interest, Courts in this Circuit generally look to the four *Olsten-Lax* factors:

(1) the number of shares purchased during the class period;

(2) the number of net shares purchased during the class period;

(3) the total net funds expended during the class period; and

(4) the approximate losses suffered."

OPPOSITION OF  JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

*Arias v. Bird Glob., Inc.*, 2023 WL 3814040, at *4 (C.D. Cal. June 2, 2023) (internal quotations and citations omitted). As per Mr. Jaramillo's own moving papers,[1] it is undisputed that that Mr. Kang leads factors 1-3; indeed, as to factors 1 and 2, Mr. Kang leads many times over:

| *Olsten-Lax* Factor | Kang[2] | Jaramillo |
|---|---|---|
| Shares purchased | 90,559 | 20,000 |
| Net shares | 73,000 | 20,000 |
| Net funds expended | $444,793.95 | $326,934.00 |

Where the parties' positions diverge is in the method used to calculate the fourth factor (net loss), discussed below. However, as we will show, Mr. Kang's advantage in three of the four *Olsten-Lax* factors renders a decision on the net loss calculation method to be arguably superfluous, as neither method can produce more than a marginal advantage for Mr. Jaramillo on the last factor. Because Mr. Kang has an undisputed large lead on three of the four *Olsten-Lax* factors, he has the greatest financial interest in this matter, and should be appointed lead plaintiff.

**II.    The Court should utilize the FIFO method to calculate net loss, under which Mr. Kang leads all four *Olsten-Lax* factors, and appoint Mr. Kang lead plaintiff**

In this Circuit, as in all others, there are two broadly accepted methods of calculating a net loss number: (1) first-in, first-out (FIFO), and (2) last-in, last out

---

[1] *See* Dkt. 14-3.
[2] *See* Dkt. 18-3.

OPPOSITION OF JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

(LIFO). *See e.g. .Query v. Maxim Integrated Prods., Inc.,* 558 F. Supp. 2d 969, 974 (N.D. Cal. 2008) (using both methods in determining the movant with the greatest loss); *Garber v. Juniper Networks, Inc.,* No. C06-04327 JW, 2006 WL 3365547, at *2 (N.D. Cal. Nov. 20, 2006) (same).

"Under FIFO, the stocks that were acquired first are assumed to be sold first for loss calculation purposes; under LIFO, the last stocks acquired are assumed to be the first sold." *McGee v. Am. Oriental Bioengineering, Inc.*, 2012 WL 12895668, at *3 (C.D. Cal. Oct. 16, 2012). Mr. Kang argues that, consistent with basic accounting principles, the correct method for calculating net loss is FIFO. *See e.g.* 26 C.F.R. § 1.1012-1(c)(1)(i) (applying the FIFO method for purposes of stock sale taxation under IRS code); *see also In re Veeco Instruments*, Inc., 233 F.R.D. 330, 333 (S.D.N.Y. 2005) ("I agree that FIFO is the appropriate methodology to apply in matching purchases and sales for the purpose of considering the financial stake of a movant for lead plaintiff status, just as it is the well-settled methodology for computing losses on securities for tax purposes.")

*Contra* Mr. Jaramillo's assertion (Dkt. 37 at *4-5), courts in this Circuit routinely utilize FIFO in assessing a lead plaintiff movant's financial loss, as it "has been established as a legitimate method for computing losses or gains from stock purchases or sales." *Plumbers & Pipefitters Loc. 572 Pension Fund v. Cisco Sys., Inc.*, 2004 WL 5326262, at *3 (N.D. Cal. 2004) (utilizing FIFO to calculate

OPPOSITION OF  JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

loss); *see also In re UTStarcom, Inc. Sec. Litig.*, 2010 WL 1945737, at \*6 (N.D. Cal. May 12, 2010) (utilizing FIFO to calculate loss); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) (noting that Courts may utilize FIFO to calculate loss).

In sum, under the widely accepted FIFO method of calculating net loss, Mr. Kangs sweeps all four of the *Olsten-Lax* factors, and is therefore the presumptive lead plaintiff, as the movant with the greatest loss. Furthermore, Mr. Jaramillo has not raised any rebuttal evidence challenging Mr. Kang's ability to represent the class; as such, Mr. Kang should be appointed lead plaintiff.

### III.    Even under the LIFO method, Mr. Kang leads three of the four *Olsten-Lax* factors, and should therefore be appointed lead plaintiff

The *Olsten-Lax* factors, discussed in detail *supra*, are most useful precisely in situations such as the instant case, where the raw loss figure is relatively close - or may change depending on the calculation method employed. As this Court has recognized, in such cases, the remaining three factors aid the Court in evaluating the greatest financial loss from a holistic standpoint. *See Arias*, 2023 WL 3814040, at \*11 ("the differential between Lou's losses and Boulware's losses is small: Lou's losses are only 1.6% greater than Boulware's. Thus, under the FIFO approach proposed by Lou, it is appropriate to look to the other Lax factors.") Here, a similar application of the *Olsten-Lax* factors shows that one party – Mr. Kang – is far in the lead in three of the four factors.

OPPOSITION OF  JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

However, unlike Mr. Jaramillo's hypothetical lead in the fourth factor – net loss – under LIFO, Mr. Kang's lead in the other three factors is appreciably large. While Mr. Jaramillo's LIFO net loss lead would be less than $20,000. Mr. Kang holds commanding leads over Mr. Jaramillo in all three of the other factors: (1) shares purchased (90,559 to 20,000, respectively), shares retained (73,000 to 20,000, respectively), and net funds expended ($444,793.95 to $326,934.00, respectively). These numbers, by their nature, hold constant regardless of whether FIFO or LIFO is employed to calculate the last factor.

| Olsten-Lax Factor | Kang[3] | Jaramillo[4] |
| --- | --- | --- |
| Shares purchased | 90,559 | 20,000 |
| Net shares | 73,000 | 20,000 |
| Net funds expended | $444,793.95 | $326,934.00 |
| Losses (FIFO) | $350,571.27 | $307,026.88 |
| Losses (LIFO) | $286,301 | $307,026.88 |

Furthermore, these three factors provide a crucial, and arguably more accurate, measure of the movants' financial interest - one that a raw loss calculation cannot capture. As this Court explained in *Arias*, "[t]hese other three factors— shares purchased, net shares purchased, and funds expended—provide a more objective assessment of a movant's financial interest than the losses

---

[3] *See* Dkt. 18-3.

[4] *See* Dkt. 14-3.

OPPOSITION OF JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

suffered, given that shares purchased, net shares purchased, and funds expended are static markers set in stone during the class period, whereas losses suffered may be subject to future changes in the price per share." 2023 WL 3814040, at *11(citing *Westchester Putnam Ctys. Heavy & Hwy. Laborers Local 60 Benefit Funds v. Brixmor Prop. Grp.,* 2016 WL 11648466, at *2, (S.D.N.Y. Nov. 29, 2016)) (internal quotes omitted).

For example, in *Pio v. GM Co.,* the Court appointed a lead plaintiff that led the first three *Olsen-Lax* factors but could lose the fourth depending on calculation methodology, writing that it "declines the invitation to ignore all but the fourth factor in deciding which movant has the largest financial interest in this litigation" because "the first three factors provide the most objective measurement of a movant's stake in the litigation because the fourth factor is heavily dependent on the method applied and numbers chosen to calculate losses." 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24, 2014). Here, where Mr. Kang and Mr. Jaramillo's claim to the fourth factor changes solely on which method is used to calculate net loss, the reasoning of the *Pio* court is particularly applicable.

In total, under any formulation of the *Olsten-Lax* factors and applicable precedent, Mr. Kang has the greatest financial interest in this matter, and should therefore be appointed lead plaintiff for the putative class.

OPPOSITION OF JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

## IV.   CONCLUSION

For the foregoing reasons, Mr. Kang's motion should be granted in its entirety, and the competing motion should be denied.

Dated:   December 30, 2024                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Plaintiff and the Class*

OPPOSITION OF  JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On December 30, 2024, I electronically filed the following **OPPOSITION OF JAY KANG TO COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on December 30, 2024.

/s/ Laurence M. Rosen
Laurence M. Rosen

OPPOSITION OF  JAY KANG TO COMPETING LEAD PLAINTIFF MOTION– 2:24-CV-08959-ODW-PVC