Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Lawrence M. Jaramillo*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERET ISHAK, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WM TECHNOLOGY, INC. f/k/a SILVER SPIKE ACQUISITION CORP., CHRISTOPHER BEALS, ARDEN LEE, JARAMILLO FRANCIS, SUSAN ECHERD, MARY HOITT, SCOTT GORDON, WILLIAM HEALY, and GREGORY M. GENTILE<br><br>Defendants. | Case No. 2:24-cv-08959-ODW-PVC<br><br>**LAWRENCE M. JARAMILLO'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>Date: January 13, 2024<br>Time: 1:30 p.m.<br>Crtrm.: 5D<br>Judge: Otis D. Wright |

Lead Plaintiff Movant Jaramillo[1] submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 12), and in reply to Kang's opposition to Jaramillo's motion (Dkt. No. 36, the "Kang Opp."). Jaramillo should be appointed as lead plaintiff and his selection of counsel should be approved because Jaramillo has the largest financial interest and no movant contests that Jaramillo is adequate to represent the class.

## I.   JARAMILLO IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST

### A.   Jaramillo Has The Largest Financial Interest Because He Has The Largest LIFO Loss

"[C]ourts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss" such that, to identify the movant with the largest financial interest, "[m]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses." *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (citation omitted). Jaramillo has the largest financial interest because he has the largest LIFO loss:

| Movant | LIFO Loss |
|--------|-----------|
| Jaramillo | $307,027 |
| Kang | $286,301 |
| Melchior | $41,973 |
| Kordich | $18,790 |

Of the three other movants, only Kang challenges the fact that Jaramillo has the largest financial interest. His challenge fails. Kang claims he lost $350,571. *See* Kang

---

[1] Capitalized terms herein shall have the same definitions as in Jaramillo's opposition memorandum (Dkt. No. 37).

Opp. at 5. However, as explained in Jaramillo's opposition memorandum, this figure is inflated because it is calculated using the FIFO method, rather than the proper LIFO method. *See* Dkt. No. 37 at 5-6; *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005) ("FIFO . . . ignores sales occurring during the class period and hence may exaggerate losses."). Kang's LIFO loss is only $286,301.

Kang does not explain why FIFO should be used rather than LIFO in his opposition memorandum. Instead, he simply presents Kang's FIFO loss against Jaramillo's LIFO loss without comment. *See* Kang Opp. at 5. Kang's use of FIFO is indefensible under the relevant caselaw. *See McGee v. Am. Oriental Bioengineering, Inc.*, 2012 WL 12895668, at *3 (C.D. Cal. Oct. 16, 2012) ("A number of courts have spoken clearly on this issue, treating it as a pure question of law and finding the FIFO methodology improper.") (citation omitted); *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *4 (N.D. Cal. Dec. 16, 2019) (the LIFO method "comports with '[t]he weight of authority' and avoids artificially inflating losses") (citation omitted); *Foster v. Maxwell Techs., Inc.*, 2013 WL 5780424, at *4 n.1 (S.D. Cal. Oct. 24, 2013) ("LIFO is the favored method in the Ninth Circuit."); *eSpeed*, 232 F.R.D. at 101 ("LIFO . . . has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud" and "FIFO . . . may exaggerate losses"). The Court should reject Kang's use of the FIFO method here because it exaggerates his loss, and hold that Jaramillo has the largest LIFO loss and the largest financial interest.[2]

---

[2] On reply Kang argues for the first time that FIFO should be used rather than LIFO. *See* Dkt. No. 38 at 3-5 (citing six cases: *Query*, *Garber*, *McGee*, *Cisco*, *UTStarcom*, and *Akeena Solar*). However, All six are unpersuasive. *McGee* rejects FIFO (*see supra*). *Cisco* and *UTStarcom* are class certification decisions, not lead plaintiff decisions. And *Query*, *Garber*, and *Akeena Solar* are older cases, predating the broad consensus rejecting FIFO that has developed since they were published, and do not directly address the propriety of LIFO versus FIFO.

**B.    The Three Less Important *Olsten-Lax* Factors Do No Outweigh Loss**

Given that Kang's loss is smaller than Jaramillo's, Kang also argues that he has the largest financial interest because he prevails under the three less important factors (gross shares purchased, net shares purchased, and net expenditure). *See* Kang Opp. at 5. However, this does not change the analysis because the other factors do not outweigh loss. *See In re Cheetah Mobile, Inc. Sec. Litig.*, 2021 WL 99635, at *3 (C.D. Cal. Jan. 12, 2021) (appointing the movant with the largest loss, despite having a smaller interest as measured by the three other factors); *In re Wrap Techs., Inc. Sec. Exch. Act Litig.*, 2021 WL 71433, at *2 (C.D. Cal. Jan. 7, 2021) (same). While a couple out-of-district-courts have permitted the three lesser factors to collectively outweigh loss, the *Cheetah Mobile* court distinguished those cases, acknowledging that the "approach advanced by courts in the Ninth Circuit" is to "elevat[e] the importance of the fourth factor." *See Cheetah Mobile*, 2021 WL 99635, at *3. The *Wrap Technologies* court similarly acknowledged that "the weight of authority" holds "that the approximate losses suffered is the most important consideration." *Wrap Technologies*, 2021 WL 71433, at *2. The *Cheetah Mobile* court also relied on this Court's reasoning in *Knox*, 136 F. Supp. 3d 1159. This Court in *Knox* appointed the movant with the largest loss, even though another movant had more net shares purchased and a larger net expenditure, since loss is the factor "most determinative in identifying the plaintiff with the largest financial loss." *Cheetah Mobile*, 2021 WL 99635, at *3 (citing *Knox*, 136 F. Supp. 3d at 163-65). As such, the first three factors do not outweigh loss, and Jaramillo has the largest financial interest because he has the largest loss.[3]

Moreover, Kang should be disqualified because, while arguing he has a larger

---

[3] Kang argues on reply that where there is a disagreement over how to calculate loss, the first three factors should garner more weight. *See* Dkt. No. 38 at 7 (citing *Pio*). However, as explained *supra*, and unlike in *Pio*, there is no genuine dispute here that LIFO is he correct method of calculating loss.

financial interest as measured by the three less important factors, he inflated his net expenditure, claiming it to be $444,793. *See* Kang Opp. at 5. The figure is erroneous because Kang failed to "net" his class period sales proceeds against his class period purchase expenditures. *See* Dkt. No. 18-3 (Kang's loss chart, showing significant class period sales proceeds). Once corrected, Kang's net expenditure is only $334,078. Even if the three lesser factors outweighed loss (they do not), Kang's repeated errors inflating his financial interest, first with loss and now net expenditure, are disqualifying. *See Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (disqualifying a lead plaintiff movant in part due to "significant errors in the . . . loss calculation[]"); *Micholle v. Ophthotech Corporation*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (holding date and pricing errors in a movant's submission "militate against appointment and render him inadequate to serve as lead plaintiff"); *Nager v. Websecure, Inc.*, No. 97-cv-10662, 1997 WL 773717, at *1 (D. Mass. Nov. 26, 1997) ("The inaccuracy may be explainable, but it casts sufficient doubt on Mr. Renzer's adequacy as a representative plaintiff.").

### C.   Kang's Authority Supports Jaramillo Rather Than Kang

Finally, the single case Kang cites in his opposition memorandum to support his argument that he has the largest financial interest actually supports Jaramillo because it supports the use of LIFO over FIFO and acknowledges the primacy of the loss factor. *See* Kang. Opp. at 4 (citing *Arias v. Bird Glob., Inc.*, 2023 WL 3814040 (C.D. Cal. June 2, 2023)). *Bird Global* acknowledges that "[t]he main advantage of LIFO is that unlike FIFO, it takes into account gains that might have accrued to plaintiffs during the class period due to the inflation of the stock price." *Id*. at *5 (quoting *McGee*, 2012 WL 12895668, at *3). Moreover, the *Bird Global* court ultimately appointed the movant with the largest LIFO loss over another movant that had significantly more net shares purchased and gross shares purchased. *See Bird Global*, 2023 WL 3814040, at *6 (appointing Boulware, who had the largest LIFO loss on 13,000 shares gross, 12,000 shares net, rather than Newman who had 50,000

shares both gross and net).

\* \* \*

Jaramillo has the largest financial interest because he has the largest LIFO loss. Since he also filed a timely motion and is adequate to represent the class, Jaramillo is the presumptively most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

## II. THE PRESUMPTION THAT JARAMILLO IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

To rebut the most adequate plaintiff presumption, another movant must present "proof" that Jaramillo is inadequate or subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). However, no movant has even challenged Jaramillo's adequacy or asserted that he is subject to any unique defenses. As such, the presumption that Jaramillo is the most adequate plaintiff has not been rebutted, and Jaramillo should be appointed as lead plaintiff.

## III. CONCLUSION

For the foregoing reasons, Jaramillo respectfully requests that the Court enter an order: (1) appointing Jaramillo as lead plaintiff; (2) approving Jaramillo's selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (3) denying the competing motions.

Dated:  December 30, 2024

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:   */s Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Lawrence M. Jaramillo, and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Lawrence M. Jaramillo, certifies that this brief contains 1,514 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 30, 2024         _s/ Charles H. Linehan_
                                 Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On December 30, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 30, 2024, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan