COOLEY LLP
SARAH M. LIGHTDALE (*pro hac vice*)
(slightdale@cooley.com)
55 Hudson Yards
New York, New York 10001
Telephone: +1 212 479 6000
Facsimile: +1 212 479 5275

ALEXANDRA R. MAYHUGH (300446)
(amayhugh@cooley.com)
MAXIMILIAN SLADEK DE LA CAL (324961)
(msladekdelacal@cooley.com)
NICHOLAS R. ORR (334142)
(norr@cooley.com)
355 S. Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone: +1 213 561 3250
Facsimile: +1 213 561 3244

HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
LINH K. NGUYEN (305737)
(lknguyen@cooley.com
10265 Science Center Drive
San Diego, California 92121
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

*Attorneys for Defendants WM Technology, Inc.,
Christopher Beals, and Arden Lee*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERET ISHAK, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WM TECHNOLOGY, INC. f/k/a SILVER SPIKE ACQUISITION CORP., CHRISTOPHER BEALS, ARDEN LEE, DOUGLAS FRANCIS, SUSAN ECHERD, MARY HOITT, SCOTT GORDON, WILLIAM HEALY, and GREGORY M. GENTILE, <br><br> Defendants. | Case No. 2:24-cv-08959-ODW-PVC <br><br> **REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF WM TECHNOLOGY DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT** <br><br> Date: November 10, 2025 <br> Time: 1:30 p.m. <br> Dept: Courtroom 5D, 5th Fl. <br> Judge: Hon. Otis D. Wright, II |

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, WM Technology, Inc. ("WM"), Christopher Beals, and Arden Lee (collectively, the "WM Technology Defendants"), hereby request the Court incorporate by reference and/or take judicial notice of the documents listed below, submitted in support of WM Technology Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint (the "Motion to Dismiss") and attached to the accompanying Declaration of Alexandra R. Mayhugh in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint (the "Mayhugh Declaration").[1]

## I.    DOCUMENTS SUBJECT TO THIS REQUEST[2]

| Ex. | Description | ¶¶ | Basis |
|---|---|---|---|
| A | Excerpts of WM's Registration Statement, filed on Form S-4/A with the Securities and Exchange Commission ("SEC") on May 25, 2021 | 27, 35, 36, 37, 39, 112, 114, 140 | IBR, JN |
| B | Excerpts of WM's Proxy Statement/Prospectus, filed on Form 424B3 with the SEC on May 26, 2021 | 27, 35, 36, 37, 39, 112, 114, 140 | IBR, JN |
| C | WM's Press Release titled "WM Technology, Inc. Reports Second Quarter 2021 Financial Results and Affirms 2021 Outlook," filed with the SEC on August 12, 2021 as Exhibit 99.1 to Form 8-K | 41 | IBR, JN |
| D | Excerpts of WM's Form 10-Q, filed with the SEC on August 13, 2021 | 43, 44, 46, 48 | IBR, JN |
| E | Transcript of WM's Earnings Call for the third fiscal quarter of 2021 on November 11, 2021, published by S&P Global Market Intelligence | 50, 52 | IBR, JN |

[1] For the Court's convenience, attached to the accompanying Mayhugh Declaration are true and correct (and in some cases, excerpted) copies of each exhibit.

[2] "¶" refers to the paragraphs of Plaintiffs' Amended Class Action Complaint (ECF No. 48) that quote from, or refer to information contained in, the referenced document. "Ex." refers to the exhibits attached to the concurrently filed Mayhugh Declaration. "JN" refers to judicial notice and "IBR" refers to incorporation by reference. Unless otherwise noted, emphasis is added and citations, quotation marks, and alterations are omitted.

COOLEY LLP
ATTORNEYS AT LAW

- 1 -

| Ex. | Description | ¶¶ | Basis |
|---|---|---|---|
| F | WM's Press Release titled "WM Technology, Inc. Reports Third Quarter 2021 Financial Results," filed with the SEC on November 12, 2021 as Exhibit 99.1 to Form 8-K | 54 | IBR, JN |
| G | Excerpts of WM's Form 10-Q, filed with the SEC on November 12, 2021 | 56, 57, 59, 61 | IBR, JN |
| H | WM's Press Release titled "WM Technology, Inc. Reports Fourth Quarter and Full Year 2021 Financial Results," filed with the SEC on February 23, 2022 as Exhibit 99.1 to Form 8-K | 63 | IBR, JN |
| I | Transcript of WM's Earnings Call for the fourth fiscal quarter of 2021 on February 23, 2022, published by S&P Global Market Intelligence | 65, 67 | IBR, JN |
| J | Excerpts of WM's 2021 Form 10-K, filed with the SEC on February 25, 2022 | 69, 70, 72, 74 | IBR, JN |
| K | WM's Press Release titled "WM Technology, Inc. Reports First Quarter 2022 Financial Results," filed with the SEC on May 4, 2022 as Exhibit 99.1 to Form 8-K | 76 | IBR, JN |
| L | Transcript of WM's Earnings Call for the first fiscal quarter of 2022 on May 4, 2022, published by S&P Global Market Intelligence | 78 | IBR, JN |
| M | Excerpts of WM's Form 10-Q, filed with the SEC on May 6, 2022 | 80, 81, 83, 85 | IBR, JN |
| N | Excerpts of WM's Form 10-Q, filed with the SEC on August 9, 2022 | 87, 88, 91, | IBR, JN |
| O | Transcript of WM's Earnings Call for the second fiscal quarter of 2022 on August 9, 2022, published by S&P Global Market Intelligence | -- | JN |
| P | WM's Press Release titled "WM Technology, Inc. Reports Second Quarter 2022 Financial Results," filed with the SEC on August 9, 2022 as Exhibit 99.1 to Form 8-K | -- | JN |

| Ex. | Description | ¶¶ | Basis |
|---|---|---|---|
| Q | Excerpts of WM's Form 10-Q, filed with the SEC on November 8, 2022 | 92, 93, 101, 103, 105, 107 | IBR, JN |
| R | Excerpts of WM's 2022 Form 10-K, filed with the SEC on March 16, 2023 | -- | JN |
| S | WM's Form 8-K, filed with the SEC on July 7, 2023 | -- | JN |
| T | Excerpts of WM's Form 10-Q, filed with the SEC on November 8, 2023 | -- | JN |
| U | Excerpts of WM's 2023 Form 10-K, filed with the SEC on May 24, 2024 | -- | JN |
| V | WM's Form 8-K, filed with the SEC on July 25, 2024 | -- | JN |

## II.   ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). For the reasons discussed below, the Court may properly consider Exhibits A-V in deciding the Motion to Dismiss under the incorporation by reference doctrine and/or Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly available documents that are not subject to reasonable dispute.

### A.   The Court May Consider the Documents Incorporated by Reference into the Complaint (Exhibits A-N and Q)

In the Ninth Circuit, incorporation by reference is a doctrine that "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document may be

Cooley LLP
Attorneys at Law

- 3 -

WM Tech. Defs' RJN
iso Motion to Dismiss
2:24-cv-08959-ODW-PVC

incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). While an incorporated document may not be used "to dispute or create a defense to a *well-pled* fact in a complaint," "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).

Importantly, *Khoja* does not "eradicate the rule that alleged false statements must be analyzed in context." *Id.* Thus, to the extent a document incorporated by reference contains alleged misstatements, it is appropriate for Defendants and the Court to refer to and consider other portions of the document. *Id.* After all, as *Khoja* recognized, the incorporation by reference doctrine exists to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." 899 F.3d at 1002. Thus, to the extent Plaintiff relies on a document to support its claims, it cannot oppose the Court's consideration of the *entire* document. *See id.*

Here, Exhibits A-N and Q are incorporated by reference because Plaintiffs allege they contain false or misleading statements and/or corrective disclosures—both of which are integral to Plaintiffs' claims. *See Kang v. Paypal Holdings*, 620 F.Supp.3d 884, 896 (N.D. Cal. 2022) ("incorporation by reference…is necessary to assess the veracity of the challenged statement in context"); *Khoja*, 899 F.3d at 1005 (documents containing alleged corrective disclosures formed the basis of Section 10(b) claim and were incorporated by reference).

COOLEY LLP
ATTORNEYS AT LAW

- 4 -

WM TECH. DEFS' RJN
ISO MOTION TO DISMISS
2:24-CV-08959-ODW-PVC

Defendants use these same documents to provide context for the challenged statements and alleged corrective disclosures, not to contradict any well-pled fact in the Complaint. As such, Defendants' use of these documents is proper. *In re Eventbrite*, 2020 WL 2042078, at *7 ("nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context").

### B.   The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits A-V).

Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record outside the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820-21 (C.D. Cal. 1998); *see also Mehedi v. View, Inc.*, 2024 WL 3236706, at *4 (N.D. Cal. June 28, 2024) ("[a] court may [] take judicial notice of matters of public record"). Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2), showing such facts are "not subject to reasonable dispute" because they are "generally known" or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Judicial notice may be used to "indicate what was in the public realm at the time." *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 2021 WL 6062943, at *3 (S.D. Cal. Nov. 18, 2021) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Courts routinely take judicial notice of SEC filings, earnings call transcripts, and other public documents for this purpose. *See, e.g.*, *Metzler Inv. v. Corinthian Colls.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *Waterford Twp. Police v. Mattel*, 321 F.Supp.3d 1133, 1143-44 (C.D. Cal. 2018) (SEC filings, earnings call transcripts, analyst reports, and corporate presentations); *Mehedi*, 2024 WL 3236706, at *5-6 (SEC filings, earnings call transcripts); *In re Century Aluminum Sec. Litig.*, 749 F.Supp.2d 964, 979-80 (N.D. Cal. 2010) (presentations and conference calls with analysts).

Exhibits A-V fall into the following categories and are therefore proper subjects of judicial notice.

- ***SEC Filings:*** Exhibits A-D, F-H, J-K, M-N, and P-V
- ***Earnings Call Transcripts:*** Exhibits E, I, L, and O

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits A-N and Q under the incorporation by reference doctrine, and take judicial notice of Exhibits A-V to establish what information was in the public realm and when.

Dated: July 11, 2025                    COOLEY LLP

By: */s/ Alexandra R. Mayhugh*
       Alexandra R. Mayhugh

*Attorneys for Defendants WM Technology, Inc., Christopher Beals, and Arden Lee*

COOLEY LLP
ATTORNEYS AT LAW

- 6 -

WM TECH. DEFS' RJN
ISO MOTION TO DISMISS
2:24-CV-08959-ODW-PVC