DAVIS POLK & WARDWELL LLP
EDMUND POLUBINSKI (*pro hac vice*)
DANIEL J. SCHWARTZ (*pro hac vice*)
MARIE KILLMOND (*pro hac vice*)
MARY KATE SHERWOOD (*pro hac vice*)
(edmund.polubinski@davispolk.com)
(daniel.schwartz@davispolk.com)
(marie.killmond@davispolk.com)
(mary.sherwood@davispolk.com)
450 Lexington Ave.
New York, New York 10017
Telephone: +1 212 450 4000
Facsimile: +1 212 450 5000

MANDAVIA EPHRAIM & BURG LLP
ANJANI MANDAVIA (SBN 94092)
(amandavia@mandaviallp.com)
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: +1 310 556 9694

*Attorneys for Scott Gordon,*
*William Healy, and Gregory Gentile*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERET ISHAK, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WM TECHNOLOGY, INC. f/k/a SILVER SPIKE ACQUISITION CORP., CHRISTOPHER BEALS, ARDEN LEE, DOUGLAS FRANCIS, SUSAN ECHERD, MARY HOITT, SCOTT GORDON, WILLIAM HEALY, and GREGORY M. GENTILE <br><br> Defendants. | Case No. 2:24-cv-08959-ODW-PVC <br><br> **THE SILVER SPIKE INDIVIDUALS' REQUEST FOR CONSIDERATION OF DOCUMENTS AND JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT** <br><br> Date:      October 27, 2025 <br> Time:      1:30 p.m. <br> Dept:      Courtroom 5D, 5th Fl. <br> Judge:     Hon. Otis D. Wright, II |

Defendants Scott Gordon, William Healy, and Gregory Gentile (collectively, the "Silver Spike Individuals") hereby respectfully request that the Court consider the documents attached as Exhibits 1 through 3 ("Exhibits") to the Declaration of Edmund Polubinski (the "Declaration") in Support of the Silver Spike Individuals' Motion to Dismiss ("Motion") the Amended Class Action Complaint (the "AC"). These exhibits may be considered by the Court in evaluating the Motion because they are filings with the U.S. Securities and Exchange Commission ("SEC") that either are incorporated by reference in the AC, contain facts of which the court may take judicial notice, or both.

## ARGUMENT

In resolving a motion under Fed. R. Civ. P. 12(b)(6), courts are to consider the "complaint in its entirety," including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (citing *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006)) (judicial notice of SEC filings is "proper"). In deciding the Motion, the Court may appropriately consider the documents attached as Exhibits 1 through 3 to the Declaration.

### A. The Court May Consider Exhibits 1 to 3 Because the AC Incorporates Them by Reference.

The doctrine of incorporation by reference permits courts to treat a document as if it is part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also Daniels-Hall v. Nat'l Educ.*

REQUEST FOR CONSIDERATION OF
DOCUMENTS AND JUDICIAL NOTICE

*Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Tellabs*, 551 U.S. at 322) ("Plaintiffs directly quoted the material . . . thereby incorporating [the material] into the Complaint."). This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

Incorporation by reference occurs in "situations in which the plaintiff's claim depends on the contents of a document," regardless of whether the plaintiff "explicitly allege[s] the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). If a document is incorporated by reference, the court may "properly consider the [document] in its entirety." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citing, *inter alia*, *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D.Wash. 2013) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents.")); *see also Woodall v. Walt Disney Co.*, 2024 WL 5337348, at *7 (C.D. Cal. Nov. 1, 2024) (citation omitted) (granting request for judicial notice as to company's SEC filings "because they are matters of public record").

Exhibit 1 consists of excerpts of the Proxy Statement/Prospectus that Silver Spike Acquisition Corp. ("Silver Spike") filed with the Securities Exchange Commission ("SEC") on Form 424(B)(3) on May 26, 2021 (the "Proxy"). The AC alleges that Mr. Gordon signed the Proxy. AC ¶ 35. The AC also alleges that the Proxy contained a table including allegedly misleading monthly average user ("MAU") figures and quotes from the language included in the Proxy regarding the MAU metrics. *Id.* ¶¶ 37-39. Excerpts of the Proxy are being submitted for ease of reference, as the complete Proxy is 689 pages long. The Silver Spike Individuals

will submit the complete, unexcerpted Proxy if requested by the Court or opposing counsel.

Exhibit 2 consists of excerpts of the Registration Statement that Silver Spike filed with the SEC on Form S-4 on May 25, 2021 ("Registration Statement"). The AC alleges that Messrs. Gordon, Healy, and Gentile each signed the Registration Statement. AC ¶¶ 35-36. The AC also alleges that the Registration Statement contained a table including allegedly misleading MAU figures and quotes directly from the Registration Statement's discussion of MAU. *Id.* ¶¶ 37-39. Excerpts of the Registration Statement are being submitted for ease of reference, as the complete Registration Statement is 698 pages long. The Silver Spike Individuals will submit the complete, unexcerpted Registration Statement if requested by the Court or opposing counsel.

Exhibit 3 is the Current Report that Silver Spike filed with the SEC on Form 8-K on June 2, 2021 (the "8-K"). The 8-K supplemented the Proxy with additional information. *See* Ex. 3 (6/2/21 8-K) at 4 ("The following underlined language supplements the text on page 138 of the Definitive Proxy Statement/Prospectus under the heading 'Board of Directors of New WMH Following the Business Combination"). Because the 8-K forms part of the Proxy, which is incorporated by reference into the Amended Complaint, the 8-K is also incorporated by reference in the Amended Complaint.

**B. The Court May Take Judicial Notice of Facts Disclosed in Exhibits 1-3 Because Their Authenticity and Accuracy Is (in Relevant Part) Not Disputed**

Even if Exhibits 1 through 3 were not incorporated by reference in the Amended Complaint, the Court can and should still take judicial notice of the relevant facts disclosed in those Exhibits. The Federal Rules of Evidence permit judicial notice of "an adjudicative fact" if it "is not subject to reasonable dispute,"

because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)-(b); *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). The relevant facts disclosed in Exhibits 1 through 3 meet these qualifications.

First, because Exhibits 1, 2, and 3 are SEC filings, their authenticity cannot reasonably be disputed. *See Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Apr. 28, 2015) (quoting *Daniels–Hall*, 629 F.3d at 998-99) ("[I]t is appropriate to take judicial notice of this information, as it was made publicly available by [the SEC], and neither party disputes the authenticity of the [documents] or the accuracy of the information displayed therein."); *Metzler*, 540 F.3d at 1064 n.7 (noting that SEC filings are subject to judicial notice); *Ryan v. FIGS, Inc.*, 2024 WL 187001, at *5 (C.D. Cal. Jan. 17, 2024) (Wright, J.) (citation and internal quotation marks omitted) (noting that "the Court may properly take judicial notice of SEC filings," even if "not specifically mentioned in the complaint," because "they are public disclosure documents required by law to be filed"); *Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (Wright, J.) (similar).

Second, while judicial notice of the factual assertions in SEC filings is not appropriate in all circumstances, the court may properly notice *undisputed* facts contained in SEC filings. *See, e.g.*, *Northstar*, 779 F.3d at 1043; *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1164 (N.D. Cal. 2019) (granting defendant's request for judicial notice where "Plaintiffs do not actually dispute the only fact that [defendant] seeks to rely on" and thus concluding that "Plaintiffs['] argument against judicial notice is unpersuasive"). Here, the facts for which the Silver Spike Individuals cite Exhibits 1 through 3 cannot reasonably be disputed.

- As a SPAC, Silver Spike had no business of its own; rather, it conducted an IPO in August 2019 to raise money with the goal of later identifying a business to acquire.
- None of the Silver Spike Individuals served as an officer of WM after the merger between WM Holding and Silver Spike.
- Of the Silver Spike Individuals, only Mr. Gordon served as a member of the board of directors of WM post-Merger.
- The Registration Statement and Proxy included MAU data.
- WM provided the MAU data in the Registration Statement and Proxy.

The AC either alleges nothing that contradicts these statements or affirmatively offers factual allegations that are consistent with these statements. *See*, *e.g.*, AC ¶¶ 13-14 (describing de-SPAC transaction between WM and Silver Spike); *id.* ¶¶ 17-19 (alleging that Messrs. Gordon, Healy, and Gentile served as officers of Silver Spike "until the merger" with WM, and that Mr. Gordon served as a member of WM's board from June 2021 to the end of the class period); *id.* ¶ 37 (alleging the Registration Statement and Proxy contained MAU data); *id.* ¶¶ 33-34 (incorporating by reference the SEC's Complaint against Beals and Lee and the SEC Order, which alleged that "WM Technology" provided the information about its MAU metric to Silver Spike for inclusion in the Registration Statement and Proxy). Because the AC does not dispute any of the facts for which the Silver Spike Individuals cite Exhibits 1 through 3, the Court may take judicial notice of those facts.

### CONCLUSION

For the foregoing reasons, the Court should grant the Silver Spike Individuals' Request for Consideration of Documents and Judicial Notice with regard to the Exhibits annexed to the Declaration.

Dated: July 11, 2025

By: */s/ Edmund Polubinski*
    Edmund Polubinski

DAVIS POLK & WARDWELL LLP
EDMUND POLUBINSKI (*pro hac vice*)
DANIEL J. SCHWARTZ (*pro hac vice*)
MARIE KILLMOND (*pro hac vice*)
MARY KATE SHERWOOD (*pro hac vice*)
(edmund.polubinski@davispolk.com)
(daniel.schwartz@davispolk.com)
(marie.killmond@davispolk.com)
(mary.sherwood@davispolk.com)
450 Lexington Ave.
New York, New York 10017
Telephone: +1 212 450 4000
Facsimile: +1 212 450 5000

MANDAVIA EPHRAIM & BURG LLP
ANJANI MANDAVIA (SBN 94092)
(amandavia@mandaviallp.com)
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: +1 310 556 9694

*Attorneys for Scott Gordon,
William Healy, and Gregory Gentile*

7