DAVIS POLK & WARDWELL LLP
EDMUND POLUBINSKI (*pro hac vice*)
DANIEL J. SCHWARTZ (*pro hac vice*)
MARIE KILLMOND (*pro hac vice*)
MARY K. SHERWOOD (*pro hac vice*)
(edmund.polubinski@davispolk.com)
(daniel.schwartz@davispolk.com)
(marie.killmond@davispolk.com)
(mary.sherwood@davispolk.com)
450 Lexington Ave.
New York, New York 10017
Telephone: +1 212 450 4000
Facsimile: +1 212 450 5000

MANDAVIA EPHRAIM & BURG LLP
ANJANI MANDAVIA (SBN 94092)
(amandavia@mandaviallp.com)
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: +1 310 556 9694

*Attorneys for Scott Gordon,*
*William Healy, and Gregory Gentile*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERET ISHAK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WM TECHNOLOGY, INC. f/k/a SILVER SPIKE ACQUISITION CORP., CHRISTOPHER BEALS, ARDEN LEE, DOUGLAS FRANCIS, SUSAN ECHERD, MARY HOITT, SCOTT GORDON, WILLIAM HEALY, and GREGORY M. GENTILE,<br><br>Defendants. | Case No. 2:24-cv-08959-ODW-PVC<br><br>**REPLY IN FURTHER SUPPORT OF THE SILVER SPIKE INDIVIDUALS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>Date:     November 10, 2025<br>Time:     1:30 p.m.<br>Dept:     Courtroom 5D, 5th Fl.<br>Judge:    Hon. Otis D. Wright, II |

The Silver Spike Individuals[1] respectfully submit this Reply in further support of their Motion to Dismiss the Amended Complaint ("AC").

As their Opening Brief explained, the AC falls far short of pleading a control person claim against any Silver Spike Individual. Even if Plaintiffs had pled a primary violation of Section 10(b) or Rule 10b-5 against any other defendant— which they have not for the reasons set forth in the WM Defendants' opening brief (Dkt. 75) and reply (Dkt. 86), which the Silver Spike Individuals join—the AC fails to plead that any Silver Spike Individual exercised "actual power or control" over any alleged primary violator. *See* Mot. at 9–13. That provides an additional, independent basis to dismiss the control person claims against the Silver Spike Individuals.

In their one-and-a-half-page opposition to the Silver Spike Individuals' Opening Brief (Dkt. 85) ("Opposition" or "Opp."), Plaintiffs either concede or ignore most of the points in the Opening Brief.

Plaintiffs do not dispute the relevant standard: to state a control person claim, a plaintiff must allege that the defendant possessed "a *significant* degree of *day-to-day operational control*, amounting to the *power to dictate another party's conduct or operations*." Mot. at 9 (quoting *Vicari v. Voyager Fin. Grp., LLC*, 2013 WL 12136519, at *5 (C.D. Cal. Sept. 17, 2013)). Indeed, Plaintiffs concede that they must allege facts showing that the Silver Spike Individuals "could *and did control*" WM. Opp. at 1. Plaintiffs do not dispute that their boilerplate, group-pled allegations as to the Silver Spike Individuals are inadequate to allege control, as many courts have held. Mot. at 9, 12–13; *see also*, *e.g.*, *Purple Mountain Tr. v. Wells Fargo & Co.*, 432 F. Supp. 3d 1095, 1106–07 (N.D. Cal. 2020) (dismissing

[1] Unless otherwise noted, all emphasis herein is added, all internal citations and quotation marks are omitted, and capitalized terms carry the meanings ascribed to them in the Silver Spike Individuals' Memorandum of Points and Authorities in Support of their Motion to Dismiss the Amended Class Action Complaint (Dkt. 77-1) ("Opening Brief" or "Mot."). References to Reply Ex. [X] refer to the exhibits to the Reply Declaration of Edmund Polubinski, filed herewith.

control person claim based on "conclusory" and "barebones" allegations that "[b]y virtue of their positions and their power to control public statements about [the Company], the Individual Defendants had the power and ability to control the actions of [the Company] and its employees").

Plaintiffs likewise concede, through their silence, that the Silver Spike Individuals never had any WM management role that could have given them "a significant degree of day-to-day operational control," and certainly not with respect to WM's MAU data. Mot. at 9–13. The Opposition likewise concedes, through its silence, that the Silver Spike Individuals had no involvement in the preparation, calculation, or review of MAU numbers and that they had no ability to control or dictate how those numbers were calculated or reported. In fact, Plaintiffs acknowledge that—as the Proxy, Registration Statement, SEC Order, SEC Complaint, and the AC itself confirm, *id*. at 11—the *WM Defendants*, not the Silver Spike Individuals, "furnished the [allegedly] misleading statements in the Proxy and Registration Statements." Opp. at 2.

Instead, Plaintiffs offer only four scattered arguments. Each fails.

*First*, Plaintiffs claim that the question of control should not be resolved on the pleadings, and that their pleading burden is "light" in any event. Opp. at 1. But they do not address the many cases cited in the Opening Brief in which control person claims *were* dismissed on the pleadings. Mot. at 10–11 & n.4 (citing cases). And the cases on which Plaintiffs rely demonstrate that far more is required to plead control than what Plaintiffs offer—namely, boilerplate allegations contradicted by other, more specific information in the AC and the documents incorporated therein. For example, Plaintiffs cite *Rabkin v. Lion Biotechnologies, Inc.*, but that case sustained control person claims asserted against **the defendant company's CEO and CFO**, who allegedly had "direct and supervisory involve[ment] in [its] day to day operations." 2018 WL 905862, at *19 (N.D. Cal. Feb. 15, 2018). Plaintiffs allege nothing of the kind against the Silver Spike

Individuals, **who were never WM officers** and, as Plaintiffs do not dispute, never had any role whatsoever in the collecting, computing, or reporting of WM's MAU metrics.[2]  Mot. at 10.

*Second*, Plaintiffs assert that they have sufficiently pled control because the Silver Spike Individuals "were senior officers who signed Silver Spike's [allegedly] misleading Registration Statement and Proxy Statement."  Opp. at 1.  But this is wrong on multiple levels.  As explained in the Opening Brief, the mere fact that the Silver Spike Individuals signed the Registration Statement and/or Proxy is not sufficient to plead control.  Mot. at 10–11 (citing cases, which Plaintiffs ignore).  In the single case that Plaintiffs cite for the contrary proposition, *In re Montage Technology Group Ltd. Securities Litigation*, the control defendants signed the allegedly misleading disclosures *and* served as "officers *of the defendant corporation*."  78 F. Supp. 3d 1215, 1228 (N.D. Cal. 2018).  Again, the Silver Spike Individuals were never WM officers; they were officers of a SPAC *that ceased to exist after the merger with WM*.  Mot. at 11–12; AC ¶ 14.

*Third*, Plaintiffs try, but fail, to distinguish *Stable Road*, which is on all fours with this case.  The court in *Stable Road* dismissed near-identical control person claims against SPAC officer defendants who signed a registration statement in connection with the de-SPAC merger.  *In Re Stable Rd. Acquisition Corp.*, 2022 WL 2762213, at \*5, 12 (C.D. Cal. July 13, 2022).  Plaintiffs contend that "there was no indication from the [*Stable Road*] court's opinion that [the] complaint alleged that the defendants there signed a proxy statement advocating for the merger and containing misleading statements," Opp. at 1–2, but this is wrong: the *Stable Road* opinion expressly recited the allegation that the "Form S-4 Registration Statement [filed] on November 2, 2020 [was] signed by [SPAC Defendants] Kabot, Norris and board members, including Hofmockel," and that it contained false or misleading

---

[2] *Glazer Capital Management, L.P. v. Forescout Technologies, Inc.* (cited in Opp. at 1) is equally irrelevant, as the court did not address whether control had been adequately pled.  63 F.4th 747, 781 (9th Cir. 2023).

REPLY MEM. ISO MOTION TO DISMISS
2:24-CV-08959-ODW-PVC

statements. *Stable Rd.*, 2022 WL 2762213, at *5. And the proxy statement was *part* of the registration statement. Reply Ex. 1 at 2. The court then expressly held that these allegations were not sufficient to show that the SPAC defendants controlled the acquired company, *Stable Rd.*, 2022 WL 2762213, at *12, and the same is true here.[3]

*Finally*, though Plaintiffs concede that the Silver Spike Individuals did not provide the allegedly false or misleading statements in the Proxy or Registration Statements, they claim that the Silver Spike Individuals nevertheless somehow controlled those statements because they "performed due diligence into WM Technology [then Holding]" and then recommended the merger. Opp. Br. at 2. But even if Plaintiffs had alleged this in the AC (which they did not), they offer no support for the notion that due diligence—i.e., a "prospective buyer's . . . investigation and analysis of a target company," *Diligence*, *Black's Law Dictionary* (12th ed. 2024)—evidences the prospective buyer's control. That claim is entirely illogical: due diligence is performed because the diligencing party does *not* possess "a significant degree of day-to-day operational control" over the subject of diligence. If the Silver Spike Individuals were control persons, no due diligence would have been necessary. The *Stable Road* case is instructive. It considered actual allegations that SPAC officers "participated in due diligence at [SPAC target and defendant] Momentus' offices and on conference calls" and deemed them insufficient to plead control, even when coupled with generic allegations—similar to those here—that "they held high level positions and had access to documents and information." 2022 WL 2762213, at *12. Further, Plaintiffs ignore that Silver

[3] While the *Stable Road* court held control sufficiently pled as to SPAC CEO Kabot, the complaint alleged a substantially greater factual basis for Kabot's misconduct than anything Plaintiffs have pled here—including that a Section 10(b) claim could proceed against Kabot personally based on specific allegations that he was deliberately reckless in making misleading statements about the merger partner's technology despite having insufficient information about it, that he failed to investigate "red flags" of which he was aware concerning the merger partner's CEO, and that he was a defendant in a related SEC action. *Id.* at *3–4, 12.

Spike had received express contractual assurances about the accuracy of information WM provided in due diligence, as was evident to all investors.  WM represented to Silver Spike in the publicly disclosed Merger Agreement that the information WM provided for inclusion in the Proxy and Registration Statements—including the MAU data—was correct and did not contain any materially false or misleading facts.  Reply Ex. 2 at Section 5.25.  As disclosed in the Proxy Statement, moreover, the truth of this representation was a condition precedent to completion of the merger.  Reply Ex. 3 at 33, 109–10.

## CONCLUSION

For these reasons and those set forth in the Opening Brief, Plaintiffs' Section 20(a) claims against the Silver Spike Individuals should be dismissed.  And because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"—as the pleading affirmatively alleges facts and incorporates documents *in*consistent with control—dismissal should be with prejudice.  *Doe v. Grindr Inc.*, 709 F. Supp. 3d 1047, 1051 (C.D. Cal. 2023), *aff'd*, 128 F.4th 1148 (9th Cir. 2025).

Dated: October 9, 2025

By: */s/ Edmund Polubinski*
Edmund Polubinski

DAVIS POLK & WARDWELL LLP
EDMUND POLUBINSKI (*pro hac vice*)
DANIEL J. SCHWARTZ (*pro hac vice*)
MARIE KILLMOND (*pro hac vice*)
MARY K. SHERWOOD (*pro hac vice*)
(edmund.polubinski@davispolk.com)
(daniel.schwartz@davispolk.com)
(marie.killmond@davispolk.com)
(mary.sherwood@davispolk.com)
450 Lexington Ave.
New York, New York 10017
Telephone: +1 212 450 4000
Facsimile: +1 212 450 5000

MANDAVIA EPHRAIM & BURG LLP
ANJANI MANDAVIA (SBN 94092)
(amandavia@mandaviallp.com)
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: +1 310 556 9694

*Attorneys for Scott Gordon,*
*William Healy, and Gregory Gentile*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Scott Gordon, William Healy, and Gregory Gentile, certifies that this brief contains 1,591 words, which:

<u>X</u>   complies with the word limit of L.R. 11-6.1

___   complies with the word limit set by Court order.

Dated: October 9, 2025

By: */s/ Edmund Polubinski*
Edmund Polubinski

DAVIS POLK & WARDWELL LLP
EDMUND POLUBINSKI (*pro hac vice*)
DANIEL J. SCHWARTZ (*pro hac vice*)
MARIE KILLMOND (*pro hac vice*)
MARY K. SHERWOOD (*pro hac vice*)
(edmund.polubinski@davispolk.com)
(daniel.schwartz@davispolk.com)
(marie.killmond@davispolk.com)
(mary.sherwood@davispolk.com)
450 Lexington Ave.
New York, New York 10017
Telephone: +1 212 450 4000
Facsimile: +1 212 450 5000

MANDAVIA EPHRAIM & BURG LLP
ANJANI MANDAVIA (SBN 94092)
(amandavia@mandaviallp.com)
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: +1 310 556 9694

*Attorneys for Scott Gordon,*
*William Healy, and Gregory Gentile*