DAVIS POLK & WARDWELL LLP
EDMUND POLUBINSKI (*pro hac vice*)
DANIEL J. SCHWARTZ (*pro hac vice*)
MARIE KILLMOND (*pro hac vice*)
MARY K. SHERWOOD (*pro hac vice*)
(edmund.polubinski@davispolk.com)
(daniel.schwartz@davispolk.com)
(marie.killmond@davispolk.com)
(mary.sherwood@davispolk.com)
450 Lexington Ave.
New York, New York 10017
Telephone: +1 212 450 4000
Facsimile: +1 212 450 5000

MANDAVIA EPHRAIM & BURG LLP
ANJANI MANDAVIA (SBN 94092)
(amandavia@mandaviallp.com)
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: +1 310 556 9694

*Attorneys for Scott Gordon,*
*William Healy, and Gregory Gentile*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERET ISHAK, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WM TECHNOLOGY, INC. f/k/a SILVER SPIKE ACQUISITION CORP., CHRISTOPHER BEALS, ARDEN LEE, DOUGLAS FRANCIS, SUSAN ECHERD, MARY HOITT, SCOTT GORDON, WILLIAM HEALY, and GREGORY M. GENTILE, <br><br> Defendants. | Case No. 2:24-cv-08959-ODW-PVC <br><br> **THE SILVER SPIKE INDIVIDUALS' SUPPLEMENTAL REQUEST FOR CONSIDERATION OF DOCUMENTS AND JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT** <br><br> Date: November 10, 2025 <br> Time: 1:30 p.m. <br> Dept: Courtroom 5D, 5th Fl. <br> Judge: Hon. Otis D. Wright, II |

Defendants Scott Gordon, William Healy, and Gregory Gentile (collectively, the "Silver Spike Individuals") hereby respectfully request that the Court consider the documents attached as Exhibits 1 through 3 ("Reply Exhibits") to the Reply Declaration of Edmund Polubinski (the "Reply Declaration") in Further Support of the Silver Spike Individuals' Motion to Dismiss ("Motion") the Amended Class Action Complaint (the "AC"). These exhibits may be considered by the Court in evaluating the Motion because they are filings with the U.S. Securities and Exchange Commission ("SEC") that either are incorporated by reference in the AC, contain facts of which the court may take judicial notice, or both.[1]

## ARGUMENT

In resolving a motion under Fed. R. Civ. P. 12(b)(6), courts are to consider the "complaint in its entirety," including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (citing *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006)) (judicial notice of SEC filings is "proper"). In deciding the Motion, the Court may appropriately consider the Reply Exhibits.

---

[1] Unless otherwise noted, all emphasis herein is added, all internal citations and quotation marks are omitted, and capitalized terms carry the meanings ascribed to them in the Motion and the Silver Spike Individuals' July 11, 2025 Request for Consideration of Documents and Judicial Notice in Support of Their Motion to Dismiss the Amended Class Action Complaint (Dkt. 70) ("Original Silver Spike RJN"). References to Reply Ex. [X] refer to the exhibits to the Reply Declaration of Edmund Polubinski, filed herewith, and references to AC Ex. [X] refer to the exhibits to Plaintiffs' Amended Complaint.

**SUPP. REQUEST FOR CONSIDERATION OF
DOCUMENTS AND JUDICIAL NOTICE
2:24-CV-08959-ODW-PVC**

**A. The Court May Consider Reply Exhibits 2 and 3 Because the AC Incorporates Them by Reference.**

The Court can take judicial notice of Reply Exhibits 2 and 3 because the AC incorporates them by reference.

The doctrine of incorporation by reference permits courts to treat a document as if it is part of the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Plaintiffs directly quoted the material . . . thereby incorporating [the material] into the Complaint."). This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. Incorporation by reference occurs in "situations in which the plaintiff's claim depends on the contents of a document," regardless of whether the plaintiff "explicitly allege[s] the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). If a document is incorporated by reference, the court may "properly consider the [document] in its entirety." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also Nsilu v. Wells Fargo Bank, N.A.*, 2019 WL 3029107, at *5 (C.D. Cal. July 10, 2019) (granting request for judicial notice as to merger agreement that was referenced in complaint).

**Reply Exhibit 2** is a true and correct copy of excerpts of the Agreement and Plan of Merger by and among Silver Spike Acquisition Corp., Silver Spike Merger Sub LLC, WM Holding Company, LLC, and solely in its capacity as the Holder Representative, Ghost Media Group, LLC, dated as of December 10, 2020 (the "Merger Agreement"). That Merger Agreement was filed as Annex A to the Registration Statement that Silver Spike filed with the SEC on May 25, 2021 on

Form S-4/A. The Silver Spike Individuals previously requested in the Original Silver Spike RJN that the Court take judicial notice of the Registration Statement, excerpts of which were filed as Exhibit 2 to the Declaration of Edmund Polubinski in support of the Motion (Dkt. 71) ("Polubinski Declaration"). Plaintiffs did not oppose the Original Silver Spike RJN.

For all the reasons judicial notice of the Registration Statement is appropriate on the ground that it is incorporated by reference—which are set forth in the Original Silver Spike RJN and fully incorporated herein—judicial notice of the Merger Agreement is also appropriate, because the Merger Agreement is appended to the Registration Statement. Judicial notice of the Merger Agreement is appropriate for the additional reason that the document forms part of the basis of the Plaintiffs' claim. *Khoja*, 899 F.3d at 1002. The AC alleges that WM Holding merged with Silver Spike, AC ¶¶ 13–14, 25, 35, and attaches exhibits that themselves reference the merger, *see, e.g.,* AC Ex. 1 (SEC Order) at 3. Because the AC and its exhibits reference and rely on the merger between WM Holding and Silver Spike, the Merger Agreement is incorporated by reference as a document forming part of the basis of Plaintiffs' claim.

**Reply Exhibit 3** consists of a true and correct copy of excerpts of the Proxy that Silver Spike filed with the SEC on May 26, 2021. Other excerpts of the Proxy were submitted as Exhibit 1 to the Polubinski Declaration and were the subject of the Original Silver Spike RJN, which Plaintiffs did not oppose. Judicial notice of Reply Exhibit 3 is therefore appropriate on the ground that it is incorporated by reference for all the reasons set forth in the Original Silver Spike RJN, which are fully incorporated herein.

**B. The Court May Take Judicial Notice of Facts Disclosed in Reply Exhibits 1 Through 3 Because Their Authenticity and Accuracy Is (in Relevant Part) Not Disputed.**

The Federal Rules of Evidence permit judicial notice of "an adjudicative fact" if it "is not subject to reasonable dispute," because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b); *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). The relevant facts disclosed in Exhibits 1, 2, and 3 meet these qualifications.

*First*, all the Reply Exhibits consist of excerpts of SEC filings, whose authenticity cannot reasonably be disputed. *See Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Apr. 28, 2015) (quoting *Daniels–Hall*, 629 F.3d at 998–99) ("[I]t is appropriate to take judicial notice of this information, as it was made publicly available by [the SEC], and neither party disputes the authenticity of the [documents] or the accuracy of the information displayed therein."); *Metzler*, 540 F.3d at 1064 n.7 (noting that SEC filings are subject to judicial notice); *Ryan v. FIGS, Inc.*, 2024 WL 187001, at *5 (C.D. Cal. Jan. 17, 2024) (Wright, J.) (noting that "the Court may properly take judicial notice of SEC filings," even if "not specifically mentioned in the complaint," because "they are public disclosure documents required by law to be filed"); *Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (Wright, J.) (similar).

**Reply Exhibit 1** consists of excerpts of the Registration Statement that Stable Road Acquisition Corp. filed with the SEC on Form S-4 on November 2, 2020 (the "Stable Road Registration Statement"). Excerpts of the Stable Road Registration Statement are being submitted for ease of reference, as the complete Stable Road Registration Statement is 540 pages long. The Silver Spike Individuals will submit the complete, unexcerpted Stable Road Registration Statement if

requested by the Court or opposing counsel.  As noted *supra* and in the Original Silver Spike RJN, **Reply Exhibits 2 and 3** are likewise SEC filings that have been excerpted for ease of access, which the Silver Spike Individuals will submit in complete, unexcerpted form upon request.

*Second*, while judicial notice of the factual assertions in SEC filings is not appropriate in all circumstances, the court may properly notice *undisputed* facts contained in SEC filings.  *See*, *e.g.*, *Northstar*, 779 F.3d at 1043; *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1164 (N.D. Cal. 2019) (granting defendant's request for judicial notice where "Plaintiffs do not actually dispute the only fact that [defendant] seeks to rely on" and thus concluding that "Plaintiffs['] argument against judicial notice is unpersuasive").

Here, the facts for which the Silver Spike Individuals cite **Reply Exhibit 1** cannot reasonably be disputed.  As is apparent from the face of the document, the Stable Road Registration Statement includes a Proxy Statement, and that Proxy Statement states that the members of the Stable Road Acquisition Corp. advocated for the merger in question.  *See* Reply Ex. 1 at 2, 6.  The SPAC defendants in question also signed the Stable Road Registration Statement.  *Id.* at II-8.  For avoidance of doubt, the Silver Spike Individuals cite the Stable Road Registration Statement not for the truth of its contents but merely for the fact that the referenced statements and signatures appeared in the Proxy.

Nor can the facts for which the Silver Spike Individuals cite **Reply Exhibit 2** be disputed: that Silver Spike and WM Holding merged pursuant to the Merger Agreement, and that the Merger Agreement contained a representation from WM Holding that the information it provided to Silver Spike for inclusion in the Proxy and Registration Statements, including its MAU data, was correct and did not contain any materially false or misleading facts.  Reply Ex. 2 at Section 5.25.

*Finally*, it is also not in dispute that the truth of WM Holding's representation to Silver Spike was identified as a condition precedent to completion

of the merger—the fact for which the Silver Spike Individuals cite **Reply Exhibit 3**. Reply Ex. 3 at 33–34, 110–11.

The AC either alleges nothing that contradicts these statements or affirmatively offers factual allegations that are consistent with these statements. *See*, *e.g.*, AC ¶¶ 13–14, 17–19, 25, 35 (referring to merger of WM and Silver Spike); *id.* ¶ 36, AC Ex. 1 (SEC Order) ¶ 7 (conceding that WM provided the MAU data to Silver Spike).  Because the AC does not dispute any of the facts for which the Silver Spike Individuals cite the Reply Exhibits, the Court may take judicial notice of those facts.

## CONCLUSION

For the foregoing reasons, the Court should grant the Silver Spike Individuals' Supplemental Request for Consideration of Documents and Judicial Notice with regard to the Reply Exhibits.

Dated: October 9, 2025

By: */s/ Edmund Polubinski*
　　Edmund Polubinski

DAVIS POLK & WARDWELL LLP
EDMUND POLUBINSKI (*pro hac vice*)
DANIEL J. SCHWARTZ (*pro hac vice*)
MARIE KILLMOND (*pro hac vice*)
MARY K. SHERWOOD (*pro hac vice*)
(edmund.polubinski@davispolk.com)
(daniel.schwartz@davispolk.com)
(marie.killmond@davispolk.com)
(mary.sherwood@davispolk.com)
450 Lexington Ave.
New York, New York 10017
Telephone: +1 212 450 4000
Facsimile: +1 212 450 5000

MANDAVIA EPHRAIM & BURG LLP
ANJANI MANDAVIA (SBN 94092)
(amandavia@mandaviallp.com)
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: +1 310 556 9694

*Attorneys for Scott Gordon,*
*William Healy, and Gregory Gentile*

8