

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERET ISHAK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WM TECHNOLOGY, INC. f/k/a SILVER SPIKE ACQUISITION CORP., CHRISTOPHER BEALS, ARDEN LEE, DOUGLAS FRANCIS, SUSAN ECHERD, MARY HOITT, SCOTT GORDON, WILLIAM HEALY, and GREGORY M. GENTILE,<br>                    Defendants. | Case No. 2:24-cv-08959-ODW-PVC<br><br>CLASS ACTION |

## **STIPULATION OF SETTLEMENT**

This Stipulation of Settlement dated as of May 14, 2026 (together with all Exhibits hereto, "Stipulation"), which is entered into by and through their undersigned attorneys, between (i) Lead Plaintiff Jay Kang ("Kang" or "Lead Plaintiff") and additional named plaintiffs Mark Schanerman and Rickey Blackman

1

(collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined herein), and (ii) Defendants WM Technology, Inc. ("WM Technology"), Christopher Beals ("Beals"), Arden Lee ("Lee"), Scott Gordon ("Gordon"), William Healy ("Healy"), and Gregory M. Gentile ("Gentile" and collectively, "Defendants," and together with Plaintiffs, the "Parties"), states all of the terms of the settlement and resolution of this matter by the Parties, and is intended by the Parties to fully and finally compromise, settle, release, resolve, remise, discharge, and dismiss with prejudice the Released Claims (as defined herein) against the Released Parties (as defined herein) for the consideration specified, as set forth below.

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Paragraph 1 below.

## A.     Litigation History

On October 17, 2024, Seret Ishak filed a putative class action complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") against Defendants WM Technology, Inc. f/k/a Silver Spike Acquisition Corp., Christopher Beals, Arden Lee, Douglas Francis, Susan Echerd, Mary Hoitt, Scott Gordon, William Healy, and Gregory M. Gentile. ECF No. 1.

On December 16, 2024, several competing motions seeking appointment as lead plaintiff were filed. ECF Nos. 12-27. After briefing on the motions for appointment as lead plaintiff (ECF Nos. 36-39), the Court granted Kang's motion appointing him as Lead Plaintiff and approved his selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. ECF No. 44.

On May 12, 2025, Plaintiffs filed the operative Amended Class Action Complaint ("Complaint"). ECF No. 48.

On July 11, 2025, Plaintiffs agreed by stipulation to voluntarily dismiss defendants Douglas Francis, Susan Echerd, and Mary Hoitt from the Action without prejudice (ECF No. 61), which the Court entered on July 14, 2025 (ECF No. 73).

WM Technology, Beals, and Lee moved to dismiss the Complaint and filed a request for judicial notice on July 11, 2025. ECF Nos. 66-68. Also on July 11, 2025, defendants Gordon, Healy, and Gentile moved to dismiss the Complaint and filed a request for judicial notice. ECF Nos. 69-71. The motions to dismiss were refiled on July 14, 2025 (ECF Nos. 74-77) as directed by the Court. The motions were noticed for hearing on November 10, 2025.

On September 9, 2025, Plaintiffs filed their oppositions to the motions to dismiss. ECF Nos. 84-85. Defendants filed their replies in support of the motions to dismiss on October 9, 2025. ECF Nos. 86, 88. On October 10, 2025, the Court issued an order vacating the hearing and taking the motions to dismiss under submission.

On February 12, 2026, the Parties notified the Court that they reached a settlement in principle. ECF No. 91.

**B.      Mediation and Settlement**

While the motions to dismiss were pending, the Parties began to discuss the prospect of resolving the Action through private mediation. They engaged Greg Danilow, Esq. of Phillips ADR, a respected mediator with substantial experience mediating and litigating complex securities class actions such as this Action. Prior to the mediation, the Parties exchanged detailed mediation statements and participated in pre-mediation calls with Mr. Danilow.

The Parties attended an in-person mediation with Mr. Danilow on February 12, 2026 in New York City. The mediation was successful as the Parties reached a resolution, accepting a mediator's proposal to resolve the Action.

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

This Stipulation memorializes the agreement between the Parties to fully and finally settle the Action and to fully release all Released Claims against the Released Parties with prejudice in return for the consideration specified herein.

**C.    Defendants' Denial of Wrongdoing and Liability**

Throughout this Action, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising in any way, directly or indirectly, out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants have denied, and continue to deny, the allegations that Plaintiffs or any Settlement Class Member have suffered damages or were harmed by any of the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendants maintain that they have meritorious defenses to all claims in the Action. Defendants continue to believe the claims asserted against it in the Action are without merit and have agreed to enter into the Settlement set forth in this Stipulation solely to avoid the expense, distraction, time and uncertainty associated with the Action.

**D.    Plaintiffs' Claims and Benefits of Settlement**

While Plaintiffs believe that their claims have merit, Plaintiffs recognize and acknowledge the risk, expense, and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs considered documents and other information identified in researching this Action, the formidable hurdles to a more favorable resolution, including inherent problems of proof, and potential defenses to the federal securities law violations asserted in the Action. Plaintiffs determined, therefore, that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs (on behalf of themselves and each of the Settlement Class Members) and Defendants, by and through their undersigned counsel, that, subject to the approval of the Court, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action shall be dismissed with prejudice and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.    Definitions

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1.**   "Action" means the putative class action captioned *Ishak v. WM Technology, Inc., et al.,* 2:24-cv-08959-ODW-PVC (C.D. Cal.).

**1.2.**   "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing and disseminating the Notice, the costs of printing and mailing the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants. Such costs do not include legal fees.

**1.3.**   "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.4.**   "Award to Plaintiffs" means the requested reimbursement to Plaintiffs for their reasonable costs and expenses directly related to Plaintiffs' representation of the Settlement Class in the Action.

**1.5.**   "Business Day" means any day except Saturday, Sunday, or any legal holiday as defined by Federal Rule of Civil Procedure 6(a)(6).

**1.6.** "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall permit.

**1.7.** "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

**1.8.** "Claims Administrator" means Strategic Claims Services ("SCS"), which shall administer the Settlement.

**1.9.** "Class Period" means the period between May 25, 2021, and September 24, 2024, both dates inclusive.

**1.10.** "Court" means the United States District Court for the Central District of California, or if this Action is transferred to another court, the transferee court.

**1.11.** "Defense Counsel" means Cooley LLP.

**1.12.** "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent at The Huntington National Bank. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court, provided that, unless this Stipulation otherwise permits, no amount shall be withdrawn from the Escrow

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

Account prior to the Effective Date absent written approval of Defendants or their counsel, or an order of the Court after notice to Defendants.

**1.13.** "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties set forth in this Stipulation and any order of the Court.

**1.14.** "Effective Date" shall have the meaning set forth in ¶10.5 of this Stipulation.

**1.15.** "Final" when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by *certiorari* or otherwise; provided, however, that any dispute or appeals relating solely to the amount, payment or allocation of attorneys' fees and expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Final Judgment becomes Final.

**1.16.** "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement, materially in the form attached hereto as Exhibit B.

**1.17.** "Lead Counsel" means The Rosen Law Firm, P.A.

**1.18.** "Long Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1.

**1.19.** "Net Settlement Fund" means the Settlement Fund, less: (i) the Fee and Expense Award (as defined below in ¶ 7.2(c)); (ii) Administrative Costs;

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

(iii) Taxes and Tax Expenses; (iv) any Award to Plaintiffs; and (v) other fees and expenses authorized by the Court.

1.20.  "Notice" means collectively, the Long Notice, Summary Notice, and Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3 and A-4, respectively, on the Claims Administrator's website and/or mailed to Settlement Class Members.

1.21. "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.22.  "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court. The Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability, with respect thereto.

1.23.  "Postcard Notice" means the Postcard Notice, substantially in the form attached hereto as Exhibit A-4, alerting potential Settlement Class Members to the availability of the Long Notice and containing instructions on how Settlement Class Members can obtain copies of the Long Notice and Claim Form either by electronic means or by mail.

1.24.  "Preliminary Approval Order" means an order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form of the proposed order attached hereto as Exhibit A.

**1.25.** "Proof of Claim" or "Claim Form" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

**1.26.** "Related Parties" means, with respect to each Released Party, the immediate family members, employees, officers, directors, attorneys, legal representatives, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and their present and former parents, subsidiaries, variable interest entities, divisions, affiliates, employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, and agents, and the predecessors, heirs, administrators, successors and assigns of the foregoing.

**1.27.** "Released Claims" means and includes any and all Claims and Unknown Claims that have been or could have been asserted or could in the future be asserted in any forum by or on behalf of any of the Releasing Parties, in any capacity, whether known or unknown, whether foreign or domestic, whether arising under federal, state, common, or foreign law, whether based on statements or omissions made directly to individual persons or broadly to the market, which arise out of, are based upon, or relate in any way to the purchase, acquisition, sale, or disposition of any WM Technology Securities during the Class Period, including but not limited to any claims alleged in the Action and any claims related to the allegations, facts, transactions, events, matters, occurrences, acts, disclosures, oral or written statements, representations, omissions, failures to act, filings, publications, disseminations, press releases, or presentations involved, related to, set forth, alleged or referred to in the Action. Notwithstanding the foregoing, "Released Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

"Released Claims" do not include any derivative claims asserted on behalf of WM Technology.

1.28. "Released Parties" means Defendants, Douglas Francis, Susan Echerd, and Mary Hoitt, and each and all of their respective Related Parties, their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers and reinsurers, heirs, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors and assigns.

1.29. "Releasing Parties" means Plaintiffs, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates, whether or not they object to the Settlement set forth in this Stipulation, and whether or not they make a claim for payment from the Net Settlement Fund.

1.30. "Settlement" means the settlement contemplated by this Stipulation.

1.31. "Settlement Amount" means $7,500,000 (seven million five hundred thousand dollars).

1.32. "Settlement Class" means all Persons who purchased or otherwise acquired WM Technology Securities between May 25, 2021, and September 24, 2024, inclusive. Excluded from the Settlement Class are: (a) Persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of WM Technology at all relevant times; members of their immediate families and their legal representatives, heirs, successors, or assigns, and

10

any entity in which WM Technology, or any person excluded under this subsection (b), has or had a majority ownership interest at any time. Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

1.33. "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.34. "Settlement Fund" means all funds transferred to the Escrow Account or Escrow Agent pursuant to this Stipulation and any interest or other income earned thereon.

1.35. "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

1.36. "Summary Notice" means the Summary Notice of Pendency and Proposed Class Action Settlement that the Claims Administrator will cause to be published, substantially in the form attached hereto as Exhibit A-3.

1.37. "Unknown Claims" means all Claims of every nature and description which Plaintiffs or any Settlement Class Member do not know or suspect to exist in their favor at the time of the release of the Released Parties which, if known by them, might have affected their decision with respect to the settlement with and release of the Released Parties, including without limitation any decision not to opt-out or object to this Settlement.

1.38. "WM Technology Securities" means the publicly traded common stock and warrants of WM Technology Corporation from June 16, 2021 to September 24, 2024, inclusive, and the publicly traded common stock and

11

warrants of Silver Spike Acquisition Corp from May 25, 2021 to June 15, 2021, inclusive.

**2.      The Settlement Consideration**

**2.1.**   In consideration of the full and final release, settlement, and discharge of all Released Claims against the Released Parties:

**(a)**      Within 5 Business Days after the entry of the Preliminary Approval Order, Lead Counsel shall provide Defense Counsel with complete and accurate payment instructions and a W-9 for the Escrow Account.

**(b)**      Within 30 calendar days after the later of: (i) receiving payment instructions from Lead Counsel (including wire instructions, W-9, and the name and phone number of an individual authorized to voice confirm wire instructions); or (ii) entry of the Preliminary Approval Order, WM Technology, on behalf of itself and all other Defendants, shall pay, and/or cause to be paid, the Settlement Amount into the Escrow Account.

**2.2.**   The obligations incurred pursuant to this Agreement shall be in full and final disposition and settlement of all Released Claims. Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Released Claims. Under no circumstances will any Defendant other than WM Technology be required to pay, or cause payment of, the Settlement Amount nor will any Defendant, including WM Technology, be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation or the Settlement for any reason whatsoever, including, without limitation, as Administrative Costs, as compensation to any Settlement Class Member, as payment of Plaintiffs' or any Settlement Class Member's attorneys' fees and expenses, or in payment of any fees, expenses, costs, liability, losses,

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

Taxes, or damages whatsoever alleged or incurred by Plaintiffs, any Settlement Class Member or Lead Counsel, including but not limited to their attorneys, experts, advisors, agents, or representatives.

**3.      Handling and Disbursement of Funds by the Escrow Agent**

**3.1.**    No monies will be disbursed from the Settlement Fund prior to the Effective Date except:

(a)     As provided in ¶3.4 below;

(b)     As provided in ¶8.2 below;

(c)     As provided in ¶10.10 below, if applicable; and

(d)     To pay Taxes and Tax Expenses (as defined in ¶4.1 below). Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

**3.2.**    The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties. Defendants, Defense Counsel, Defendants' insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶3.2.

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

**3.3.**    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants.

**3.4.**    At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $275,000 from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, an additional $100,000 may be transferred from the Settlement Fund to pay for any reasonable and necessary Administrative Costs without further order of the Court.

**4.**    **Taxes**

**4.1.**    The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel shall timely make, or cause to be made via the Escrow Agent, such elections as necessary or advisable to carry out the provisions of this ¶4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. Upon written request, WM Technology will timely provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).

**(a)**    For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel. Lead Counsel shall timely and properly file, or cause to be filed via the Escrow Agent, all informational and other tax returns

necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶4.1) shall be consistent with this ¶4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

    **(b)**  All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to (i) any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes and (ii) the payment or reimbursement by the Settlement Fund of any taxes or tax detriments described in clause (i) ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. The Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). The Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the acts or omissions of Lead

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

Counsel or the Escrow Agent with respect to the foregoing provided in this ¶4.1. The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶4.1.

## 5. Preliminary Approval Order and Settlement Hearing

**5.1.** No later than May 14, 2026, Plaintiffs shall submit this Stipulation and its exhibits to the Court and shall move for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order substantially in the form of Exhibit A, and approval for the mailing and dissemination of notice, substantially in the form of Exhibits A-1, A-3, and A-4. The Postcard Notice (Exhibit A-4) shall inform potential Settlement Class Members of the availability of the Long Notice either by first class mail, postage pre-paid, or by electronic delivery. The Long Notice (Exhibit A-1) shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Settlement Class Members.

**5.2.** At the time of the submission described in ¶5.1 hereof, Plaintiffs shall request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein, and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

**5.3.** It shall be Lead Counsel's sole responsibility to disseminate the Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court. Defendants shall not bear any cost or responsibility for the Notice, the administration, or the allocation of the settlement amount among Settlement Class

Members. Settlement Class Members shall have no recourse as to the Released Parties with respect to any claims they may have that arise from any failure of the notice process.

5.4.    To assist in dissemination of notice, within 10 Business Days of the entry of an order preliminarily approving the Settlement, WM Technology shall provide or cause to be provided to Lead Counsel or the Claims Administrator, at no cost to Plaintiffs, the Settlement Class, Lead Counsel, or the Claims Administrator, in electronic form, customary information concerning the holders of WM Technology Securities during the Class Period, to the extent such information is reasonably available to WM Technology's transfer agent. The Parties acknowledge that any information WM Technology provides to Lead Counsel or the Claims Administrator pursuant to this ¶5.4 shall be treated as confidential and will be used by Lead Counsel and/or the Claims Administrator solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

5.5.    No later than 10 days following the filing of this Stipulation with the Court, WM Technology shall, on behalf of all Defendants, serve or cause to be served, at its expense, the notice required under the Class Action Fairness Act of 2005 ("CAFA"). No later than 21 days following the filing of this Stipulation with the Court, WM Technology shall file with the Court an affidavit or declaration regarding Defendants' compliance with the CAFA notice requirements.

6.    **Releases and Covenants Not to Sue**

6.1.    Upon the Effective Date, the Releasing Parties, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue

17

the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties, and agree and covenant not to sue any of the Released Parties on the basis of the Released Claims or to assist any third party in commencing or maintaining any suit against the Released Parties related to any Released Claims, whether or not such Settlement Class Member executes and delivers a Proof of Claim form, seeks or obtains a distribution from the Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to any aspect of the Stipulation or the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees or expenses. For the avoidance of doubt, all Released Parties are released from any and all claims for contribution or indemnity, as would otherwise be allowed by Section 21D of the Exchange Act, 15 U.S.C. §78u-4(f)(7). Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment. Nor shall anything contained herein limit or release any claims Defendants may have with regard to indemnification or advancement rights or claims they may have or any insurance coverage that may be available to them under any applicable policy. This release shall not apply to any Settlement Class Members who timely and validly exclude themselves from the Settlement Class.

**6.2.** With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Releasing Parties shall expressly waive, shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

With respect to any and all Released Claims, the Releasing Parties shall expressly waive, shall be deemed to have waived, and by operation of the Final Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. The Releasing Parties may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the Released Claims, but the Releasing Parties shall expressly, fully, finally, and forever settle and release, and upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Releasing Parties acknowledge, and shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

6.3.    Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all claims they may have against the

19

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

Releasing Parties, including Plaintiffs, Settlement Class Members and Lead Counsel, related to the prosecution of the Action or any other known or unknown counter-claim related thereto and shall have covenanted not to sue the Releasing Parties, including Settlement Class Members and Lead Counsel, with respect to any counter claim, claim, or sanction related to the Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any such claim, in any capacity, against any of the Releasing Parties, including Settlement Class Members and Lead Counsel, and agree and covenant not to sue any of the Releasing Parties, including Settlement Class Members and Lead Counsel, on the basis of any such claim or to assist any third party in commencing or maintaining any suit against the Releasing Parties related to any such claim. Nothing contained herein shall, however, bar the Released Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment, or to seek sanctions for any violations thereof.

**6.4.**    The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event. The Releasing Parties shall be deemed to acknowledge that, as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and shall be permanent, absolute, and unconditional. Upon the Effective Date to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event of, and to the extent, any claim, demand, action, or proceeding is brought by a Settlement Class Member against any of the Released Parties with respect to any of the Released Claims.

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

**7.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

**7.1.**    Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order.

**7.2.**    The Settlement Fund shall be applied as follows:

    **(a)**    To pay the Taxes and Tax Expenses described in ¶4.1 above;

    **(b)**    To pay Administrative Costs;

    **(c)**    To pay Lead Counsel's attorneys' fees and expenses, and payments to Plaintiffs for reimbursement of their time and expenses ("Fee and Expense Award"), to the extent allowed by the Court; and

    **(d)**    To distribute the balance of the Settlement Fund, that is, the Net Settlement Fund, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**7.3.**    Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court. No Person shall have any claims against Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or

technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.4.    This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Defendants. Defendants, Defense Counsel, Defendants' insurers, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. In no instance shall Defendants be required to pay any amount other than as specified in ¶2.1.

7.5.    The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court and pursuant to this Stipulation and the Plan of Allocation. Plaintiffs and Lead Counsel shall be solely responsible for formulation of the Plan of Allocation. It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

7.6.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be

22

subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in conjunction with the processing of the Proofs of Claim.

**7.7.** Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. All Claimants whose claims are not approved by the Court shall be barred from participating in the distribution from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in this Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

**7.8.** All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court, but shall not delay or affect the finality of the Final Judgment.

**7.9.** Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

**8.    Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

**8.1.**    Lead Counsel may submit an application or applications ("Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel for a Fee and Expense Award consisting of: (i) an award of attorneys' fees from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) an Award to Plaintiffs as payment to Plaintiffs for reimbursement of their time and expenses in connection with the Action. Defendants shall take no position with respect to the Fee and Expense Application. Lead Counsel's application for an award of attorneys' fees or litigation expenses is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation.

**8.2.**    Any attorneys' fees and expenses awarded to Lead Counsel by the Court shall be paid to Lead Counsel from the Escrow Account immediately upon entry of the Court's order approving the Fee and Expense Award, notwithstanding the existence of any timely filed objections to any Fee and Expense Award, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, and subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus interest earned thereon, within 30 days if and when the Settlement is terminated in accordance with its terms or, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced.

**8.3.**    The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not conditions of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Fee and Expense Application, or any objection

to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

**8.4.**    Any Fee and Expense Award paid to Lead Counsel or Award to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. Defendants shall not have any responsibility for payment of Lead Counsel's attorneys' fees and expenses or other award to Plaintiffs beyond the obligation of Defendants to fund, or cause to be funded, the Settlement Amount as set forth in ¶2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

**9.    Class Certification**

**9.1.**    The Parties agree that the Court should certify the Settlement Class for purposes of this Settlement only. For purposes of this Settlement only, in connection with the Final Judgment, Defendants consent to: (i) the appointment of Plaintiffs as class representatives; (ii) the appointment of Lead Counsel as class counsel; and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

**9.2.**    In the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, the Settlement Class shall be decertified without prejudice, and the Parties shall revert to their pre-settlement positions.

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

**10.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

**10.1.**  Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties within 10 Business Days of:

**(a)**    entry of a final, non-appealable Court order declining to enter the Preliminary Approval Order in all material respects;

**(b)**    entry of a final, non-appealable Court order refusing to approve this Stipulation in all material respects;

**(c)**    entry of a final, non-appealable Court order declining to enter the Final Judgment in all material respects, provided, however, that this Settlement is expressly not conditioned on the Court's approval of the proposed Plan of Allocation, nor on the Court's approval of Lead Counsel's application for attorneys' fees or expenses, nor on the Court's approval of any award to Plaintiffs for its reasonable costs and expenses, and any change in the Judgment relating to these items shall not be considered a material change;

**(d)**    entry of a final, non-appealable Court order refusing to dismiss the Action with prejudice; or

**(e)**    entry of a final, non-appealable order by which the Final Judgment is modified or reversed in any material respect by any appeal or review.

**10.2.**  If the Settlement Amount is not paid into the Escrow Account in accordance with ¶2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, shall have the right to: (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment, provided that Plaintiffs shall not have the right to terminate the Settlement and Stipulation if the Settlement Amount is paid into the Escrow

26

Account within 10 Business Days of such written notice; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

**10.3.** If, prior to the Settlement Hearing, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provision of the Preliminary Approval Order and the Notice, and such Persons in the aggregate have purchased WM Technology Securities in an amount that equals or exceeds the sum specified in a separate supplemental agreement between the Parties ("Supplemental Agreement"), Defendants shall have the option, but not the obligation, to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement is confidential and will not be filed with the Court unless the Court so requests, or a dispute arises among the Parties concerning its interpretation or application, in which case the Parties will take reasonable steps to ensure the Supplemental Agreement is filed under seal or submitted for *in camera* review, subject to the Court's approval and direction. The Parties will file a statement identifying the existence of the Supplemental Agreement pursuant to Federal Rule of Civil Procedure 23(e)(3). Copies of all requests for exclusion received, together with copies of all revocations of request for exclusion (if any), shall be delivered to Defense Counsel within five (5) Business Days of receipt thereof.

**10.4.** If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

**10.5.** The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

27

**(a)**    The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(b)**    The Court has finally approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

**(c)**    The Action has been dismissed with prejudice; and

**(d)**    The Final Judgment has become Final as defined in ¶1.15.

**10.6.**    Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**10.7.**    In the event that some or all of the conditions specified in ¶10.5 above are not met, the Parties may agree in writing nevertheless to proceed with this Stipulation and Settlement. However, none of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.

**10.8.**    In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Parties and the Released Parties shall be restored to their respective positions in the Action immediately prior to February 12, 2026, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

**10.9.**    In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties or the Released Parties and shall not be used in the Action or in any other

proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

**10.10.** In the event the Stipulation shall be terminated, or be canceled, or is incapable of becoming effective for any reason, within 10 Business Days after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have already been disbursed) shall be refunded by the Escrow Agent to Defendants or such entity as Defendants direct, as applicable, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Defense Counsel. At the request of Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Defendants or such entity as Defendants direct, as applicable, pursuant to written direction from Defendants.

**10.11.** No order of the Court or modification or reversal on appeal of any order of the Court or motion for reconsideration, appeal, petition for a writ of *certiorari* or its equivalent concerning the Plan of Allocation or the Fee and Expense Application shall in any way delay or preclude the Effective Date or constitute grounds for cancellation or termination of the Stipulation.

**11. No Admission of Liability or Wrongdoing**

**11.1.** The Parties covenant and agree that neither this Stipulation, whether or not consummated, (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them, is evidence, or an admission or concession by any Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

asserted or that could have been alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses alleged or asserted or that could have been alleged or asserted in the Action, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor any of the terms and provisions of this Stipulation, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that this Stipulation, the documents related hereto, or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Final Judgment, to effectuate the liability protection granted them hereunder, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith

settlement, judgment bar or reduction, offset or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or as otherwise required by law.

**11.2.** Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants against their insurers or insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives. Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement, or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

**12.    Miscellaneous Provisions**

**12.1.** Except in the event of the provision of a Termination Notice pursuant to ¶10 of this Stipulation, the Parties shall take all actions necessary to consummate this agreement and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**12.2.** The Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) in any way whatsoever any Settlement Class Members to request exclusion from, or object to, the Settlement.

**12.3.** Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents.

**12.4.** Plaintiffs and Lead Counsel represent and warrant that Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against Defendants in the Action, or referred to in this Stipulation, or that could

31

have been alleged against Defendants in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

**12.5.** This Stipulation constitutes the entire agreement between the Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear his, her, or its own costs.

**12.6.** This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their counsel or their respective successors in interest.

**12.7.** This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

**12.8.** The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

**12.9.** The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.10.** This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**12.11.** This Stipulation, the Settlement, and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of California without regard to conflict of laws principles.

**12.12.** Any claim or dispute among the Parties arising out of, relating to, or in connection with the interpretation or implementation of the terms of the Stipulation prior to submission to the Court shall be resolved by the mediator Greg Danilow, Esq. of Phillips ADR, acting as arbitrator, whose determinations shall be binding and non-appealable.

**12.13.** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**12.14.** The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

**12.15.** Plaintiffs, Lead Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the Released Claims against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the

subject matter this Action, (c) they will not discuss any confidential matters related to this Action or the Settlement with anyone, and (d) they will not make any accusations of wrongful or actionable conduct by any party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the settlement embodied in this Stipulation constitutes an admission of any claim or defense alleged. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

12.16.   All agreements by, between or among the Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

12.17.   The Parties shall not assert or pursue any action, claim or rights that any Party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with the Action, the Settlement, or the Stipulation. The Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Exchange Act, Rule 11 of the Federal Rules of Civil Procedure, and/or the Private Securities Litigation Reform Act of 1995.

12.18.   Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of

34

any and all of the provisions of this Stipulation to be performed by the other Parties to this Stipulation.

12.19.  The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

12.20.  The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

12.21.  Whether or not this Stipulation is approved by the Court and whether or not the settlement embodied in this Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings had in connection with this Stipulation confidential. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the settlement.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: May 14, 2026

**THE ROSEN LAW FIRM, P.A.**

By: _____
Laurence M. Rosen (219683)
Jonathan Stern (admitted *pro hac vice*)
355 South Grand Avenue, Ste. 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com
Email: jstern@rosenlegal.com

35

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC

*Lead Counsel for Plaintiffs*

Dated: May 14, 2026

**COOLEY LLP**

By: _____

Alexandra R. Mayhugh (300446)
Two California Plaza
350 South Grand Avenue, Ste. 3200
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: amayhugh@cooley.com

*Counsel for Defendants*

STIPULATION OF SETTLEMENT; No. 2:24-cv-08959-ODW-PVC